Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendant
CHURCHILL COUNTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERWINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHURCHILL COUNTY, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-00461-RCJ-WGC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT [ECF NO. 31]** |

COMES NOW Defendant, CHURCHILL COUNTY, by and through its attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and hereby submits its reply memorandum of points and authorities in support of the motion to enforce the settlement agreement reached at the Early Neutral Evaluation held on February 4, 2019. As shall be set forth herein, the Plaintiff's arguments as to why the Court should not enforce the settlement agreement reached at the ENE are without merit and it is patently obvious that the Plaintiff wishes to withdraw from the settlement agreement simply because he has changed his mind. The precedent of the Ninth Circuit Court of Appeals and this Court do not sanction such action and the settlement agreement negotiated in good faith at the ENE should be enforced and the Defendant's motion granted.

# I

## Underlying Facts

In his opposition, the Plaintiff contends that he believed that the settlement agreement reached at the ENE was "non-binding" and was one from which he believed he was entitled to withdraw in his discretion based upon statements of this Court at the conclusion of the ENE. An actual review of the transcript of the proceedings obtained by Plaintiff's counsel demonstrates that such an argument is wholly without merit.

That the Plaintiff manifested his agreement to the settlement at the ENE cannot be seriously contested. The Court explicitly canvassed the Plaintiff on the question of his understanding of, and agreement to, the settlement at the conclusion of the ENE. Specifically, the following exchange took place between the Court and the Plaintiff:

> Court: So I'm going to start with Mr. Erwine. Have you agreed in this particular case to dismiss this case and all claims, whether raised or unraised, in this litigation for the following settlement: First, for a $10,000 settlement, also for the scrubbing, the removal from your employment record of certain documents and records that are in your personnel file, together with a mutual recommendation that will be consistent with the requirements of NRS Section 239B.020?
>
> Erwine: Yes.

*See,* ECF No. 34, Exhibit 1, p. 4, lines 12-22.

The Court went on to specify that the settlement check was to be made payable to his attorney's trust account (to which the Plaintiff responded in the affirmative) and that the Defendant was to have 30 days from execution of the written settlement agreement to tender the settlement check to the Plaintiff (to which the Plaintiff also responded in the affirmative). *Id.* at p. 4, lines 23-25 and p. 5, lines 1-11. The Court further clarified, on the record, that the Plaintiff understood that the settlement into which he was entering was to include a release of all claims,

whether raised in the case or not, and the Plaintiff, once again, responded in the affirmative. *Id.* at p. 5, lines 13-18.

The only contingent nature of the settlement terms was that the undersigned and counsel for the Plaintiff were to meet within 30 days of the date of the ENE to discuss which records were to be scrubbed or removed from the Plaintiff's personnel file and to discuss the specifics regarding the County's obligations under NRS 239B.020.[1] *Id.* at p. 5, lines 19-25 and p. 6, lines 1-3. The Plaintiff acknowledged his understanding of those terms of the settlement, as well. *Id.* at p. 6, line 3.

Notably, the Court then made the following remarks as to the terms of the settlement:

Court: And that if they are unable to agree on any of those particular conditions or documents, that your attorney, as well as Ms. [Parks], will file a joint status report under seal with the Court within 14 days of that particular meeting, and together with that document they will also file under seal any disputed documents to be presented to the Court.

*Id.* at p. 6, lines 4-11. The Court then asked the Plaintiff if he understood this aspect of the settlement agreement, to which the Plaintiff responded, "[y]es." *Id.* at line 12.

The Plaintiff makes much in his opposition about the fact that counsel for the parties did not file a report with the Court regarding the status of the settlement and Plaintiff seems to suggest that this fact somehow supports his refusal to go through with the settlement. In fact, Plaintiff makes the argument that the purported failure of counsel to file a "status report and request a hearing on the matter" suggests that Churchill County has waived its right to enforce the settlement. *See,* ECF No. 34, p. 6, lines 10-14. This argument is completely meritless.

---

[1] As was set forth in the Defendant's motion, there was some difficulty in terms of scheduling a meeting with Mr. Guinasso and the documents requested to be removed from the Plaintiff's personnel file were not provided to counsel for Churchill County until March 4, 2019. *See,* ECF No. 31, Exhibit 1. Three days later, the undersigned agreed to the removal of all requested documents from the Plaintiff's personnel file and provided Mr. Guinasso with a draft Release of All Claims (which included reference by bate-stamp number to the specific documents to be removed from Plaintiff's personnel file). The Plaintiff should not be permitted to use the timing of any such discussions as an excuse to refuse to comply with the settlement reached at the ENE.

- 3 -

Even a cursory review of the transcript of the ENE proceedings demonstrates that the Court made clear that the parties were required to provide the Court with a status report *only if* the parties could not agree on the documents to be removed from the Plaintiff's personnel file or the language in the settlement agreement which related to NRS 239B.020.  The fallacy of the Plaintiff's argument in this regard is that *there was no disagreement* as to those conditions.  As was acknowledged by Jason Guinasso at the status conference of April 5, 2019, Churchill County agreed to remove **all documents requested** from the Plaintiff's personnel file.  Further, at no time did Mr. Guinasso (nor has Mr. Busby) advise that the language in the proposed Release of All Claims as related to NRS 239B.020 is unacceptable.  It is the position of the County that the terms of the Release of All Claims are drafted as favorably as possible towards the Plaintiff with respect to NRS 239B.020 and its requirements.  The County will submit the Release of All Claims to the Court as soon as the Court has ruled on the County's motion to file that document under seal [ECF No. 32] or has otherwise instructed the County to provide a copy of that document to the Court for review by other means.  The argument that Churchill County has somehow waived the right to enforce this settlement by failing to file a joint status report that was to be filed only in the event the parties were in disagreement over the settlement terms is ludicrous given that no disagreement has ever been identified.

More to the point, Churchill County has, at no time, suggested that the draft of the Release of All Claims as sent to Mr. Guinasso on March 7, 2019, is somehow non-negotiable.  In fact, the opposite is true in that counsel for Churchill County sent the proposed Release of All Claims to Mr. Guinasso and welcomed his input.  *See,* ECF No. 31, Exhibit 2.  At no point in time since taking over as counsel for the Plaintiff has Mr. Busby requested that any revisions whatsoever be made to the Release of All Claims, including those terms which relate to NRS 239B.020.  Churchill County stands ready now, as it did in March, to discuss whatever proposed

revisions to the Release of All Claims might be requested by the Plaintiff.  Rather than communicate with the undersigned regarding the draft release, the Plaintiff is simply using it as an excuse to back out of the settlement agreement reached at the ENE.

The Court, in fact, expressly described the procedure the Court would employ in the event that the parties could not agree on the documents to be removed from the Plaintiff's personnel file (which is not an issue under the circumstances) or the terms of the settlement agreement as related to NRS 239B.020.  Specifically, the Court noted that, only if the parties were unable to agree on those particulars, the parties would file a joint status report, under seal with the Court, together with the disputed documents.  *See,* ECF No. 34, Exhibit 1, p. 6, lines 4-11.  When the Court asked the Plaintiff if he understood the Court's directive in this regard, the Plaintiff responded, "[y]es." *Id.* at p. 6, line 6.

In the event the parties could not so agree and such a status report was filed, the Court would then, "hold a hearing to determine whether or not the parties can reach agreement on the disputed documents." *Id.* at p. 6, lines 13-16.  Once again, the Court asked the Plaintiff if he understood the Court's intentions in that regard and the Plaintiff responded, "[y]es." *Id.* at p. 6, line 17.

Thereafter, the Court stated as follows:

> "And finally, if the parties and the Court are not able to agree and the parties reach an impasse as to those particular documents that can and should be removed, or any of the requirements under the statute, that you will have the right, as will the defendant will have the right, to withdraw from this settlement.  Do you understand that?"

*Id.* at p. 6, lines 18-24.

To the Court's question set forth at the end of the paragraph quoted above, the Plaintiff responded, "[y]es." *Id.* at p. 6, line 25.

The Court then went through several more terms of the settlement, including those related to a non-disparagement clause and the Plaintiff's future employment status with the County, and

- 5 -

asked Mr. Guinasso whether there were any other terms of the agreement that needed to be placed on the record, to which Mr. Guinasso responded as follows: "No, Your Honor. You've covered all the material terms. Thank you." *Id.* at p. 8, lines 10-15.

The Defendant's representatives then confirmed their understanding of, and agreement to, the terms of the settlement.

Finally, the Court thanked the parties for their efforts and made the following observation: "Hopefully you guys can reach an agreement on all those documents and – without having Court intervention, but if we have to come back, then I'll be happy to see you when we come back." *Id.* at p. 13, lines 13-25 and p. 14, line 1.

As noted above, there was no disagreement as to the documents to be removed from the Plaintiff's personnel file, as Churchill County agreed to the removal of every document requested. Further, there is no disagreement of which the County is aware concerning the proposed written settlement agreement. The Plaintiff has attempted to argue that he believes he is entitled to withdraw from this settlement agreement because the terms of the settlement agreement do not, "resolve his concerns with NRS 239B.020." *See,* ECF No. 34, p. 6, lines 8-9. To date, neither of the Plaintiff's attorneys has provided any details to Churchill County as to how the language of the written settlement agreement does not comply with the terms of the agreement reached at the ENE or how the terms of the written settlement agreement do not comport with the obligations of the County under NRS 239B.020. The County stands ready to discuss any reasonable revisions to the proposed written settlement agreement with respect to those terms related to NRS 239B.020 and otherwise.

Per the terms of the settlement reached at the ENE, the Plaintiff should be required to identify any disagreement with the terms of the Release of All Claims. The parties can then file a joint status report with the Court, under seal, and present any "disputed documents" to the

Court as contemplated at the conclusion of the ENE. The Court can then hold a hearing to determine whether an agreement can be reached on the "disputed documents." Only then, if the Court and the parties are not able to reach an agreement, would the parties have a right to withdraw from the settlement. *See,* ECF No. 34, Exhibit 1, p. 6.

This was the agreement reached by the parties at the ENE. The Plaintiff should not be permitted to unilaterally declare an impasse concerning the Release of All Claims, while *never* communicating *how* the agreement is not in accord with the terms of the settlement reached at the ENE and while *never* communicating with Churchill County regarding any requested revisions. The Plaintiff has simply changed his mind and is using the Release of All Claims as an excuse as to why he should not be required to go through with the agreement reached on February 4, 2019. He should not be permitted to do so.

## II

## Legal Analysis

As was set forth in the Defendant's motion, the Court has the inherent authority to enforce settlement agreements between parties in pending cases. *See, City Equities Anaheim v. Lincoln Plaza Dev. Co.*, 22 F.3d 954, 957 (9th Cir. 1994). The Ninth Circuit Court of Appeals has made abundantly clear that behavior such as that exhibited by the Plaintiff in this case as it relates to settlement agreements and, especially, those reached in court-conducted settlement conferences, will not be tolerated. Per the Ninth Circuit, "[a]n agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir.

/ / /

/ / /

2001). The Ninth Circuit has further discussed the important policy consideration underlying this legal precedent as follows:

> "At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation."

*Id.* at 1141.

The Plaintiff in this case expressly agreed to all of the terms of the settlement discussed herein. Further, the Plaintiff expressly agreed to the procedures that would be employed in the event that the parties could not agree on either (1) the documents to be removed from the Plaintiff's personnel file or (2) the language in the Release of All Claims as it relates to NRS 239B.020. There is no disagreement over the documents to be removed from the Plaintiff's personnel file. To the extent there is a disagreement over the language in the Release of All Claims, no such disagreement has been brought to Churchill County's attention. In the event there is such a disagreement, the agreed upon procedure includes submission of a joint status report to the Court with any disputed documents, followed by a hearing before the Court for further discussion of any such disagreement. Churchill County believes that the language of the Release of All Claims as it relates to NRS 239B.020 fully complies with the terms of the settlement agreement reached at the ENE. However, Churchill County is more than happy to discuss any concerns the Plaintiff has concerning that language and any revisions he may request.

### III

### Conclusion

The Plaintiff is not permitted to simply change his mind under the circumstances and must be held to the terms of the enforceable settlement reached at the ENE. Accordingly,

- 8 -

1  Churchill County requests that the Court grant its motion and enforce the settlement agreed to on
2  February 4, 2019.  At the very least, the Plaintiff should be required to identify any dispute or
3  disagreement over the only two conditions to the settlement; the documents to be removed from
4  his personnel file and the terms of the Release of All Claims as they relate to NRS 239B.020.
5  Thereafter, those documents couod be submitted to the Court for consideration and for the
6  holding of a hearing as described by the Court at the conclusion of the ENE.  *See,* ECF No. 34,
7  Exhibit 1, p. 6.
8       Lastly, in the event the Court determines that the Defendant's motion should be granted,
9  the Defendant would request leave to provide the Court with a memorandum of attorney's fees
10 and costs associated with having been required to bring the instant motion.  *See, Doi v.*
11 *Halekulani Corp.*, 276 F.3d 1131,1141 (9th Cir. 2001)(Ninth Circuit Court of Appeals affirmed
12 district court's order enforcing settlement and award of sanctions against the plaintiff in the
13 amount of $1,000.00).
14      DATED this 26th day of April, 2019.

                                                                                                                       THORNDAL ARMSTRONG
                                                                                                                       DELK BALKENBUSH & EISINGER

                                                                                                                       By: */s/ Katherine Parks*
                                                                                                                          Katherine F. Parks, Esq.
                                                                                                                          State Bar No. 6227
                                                                                                                          6590 S. McCarran Blvd., Suite B
                                                                                                                          Reno, Nevada 89509
                                                                                                                          (775) 786-2882
                                                                                                                          kfp@thorndal.com
                                                                                                                          Attorneys for Defendant
                                                                                                                          Churchill County

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT [ECF NO. 31]** to be served on all parties to this action by:

____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

✓ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

____ personal delivery

____ facsimile (fax)

____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Ave., #82**
**Reno, NV 89509**
*Attorney for Plaintiff*

DATED this 26th day of April, 2019.

                                                               */s/ Laura Bautista*
                                                 An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER