LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
LUKE ANDREW BUSBY, LTD.
316 California Ave 82
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL ERWINE,<br><br>    Plaintiff,<br>vs.<br><br>CHURCHILL COUNTY, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive;<br><br>    Defendants.<br>_____/ | Case No.: 3:18-cv-00461-RCJ WGC<br><br>**FIRST MOTION FOR LEAVE TO AMEND COMPLAINT** |

  COMES NOW, Plaintiff, MICHAEL ERWINE, by and through the undersigned counsel, and hereby respectfully moves that the Court grant the Plaintiff leave to file an amendment to the Plaintiff's Complaint in this matter against CHURCHILL COUNTY, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive.

  This Motion is made and based upon all of the pleadings and records on file for this proceedings together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

  Contemporaneous with this Motion, the Plaintiff is also filing a Motion for Modification of the Discovery Plan and Scheduling Order (Doc. #14).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

In accordance with Local Rule 15-1, a copy of the proposed amended complaint is attached hereto as Exhibit 1. In the Amended Complaint, the Plaintiff has clarified the identity of the named Defendant "Doe" as Churchill County Sheriff BENJAMIN TROTTER (hereinafter "Trotter"). The Plaintiff seeks leave to amend to name Trotter as a defendant in his individual capacity for his 42 USC 1983 claims, to clarify the nature of Erwine's *Monell* claim against Defendant Churchill County, and to make the claims in the complaint conform to the evidence in this matter.

**Background**

This matter was initially filed on September 29, 2018. The Defendant answered the Complaint on November 15, 2018. On December 10, 2018, the Court entered the Stipulated Discovery Plan and Scheduling Order.

On February 4, 2019, the parties conducted an Early Neutral Evaluation ("ENE") in this matter before the Honorable Magistrate Judge Carla Baldwin Carry. After the ENE, the parties appeared at a post-ENE hearing before the Court and the terms of a potential compromise were recited before the Court. On April 2, 2019, the Court approved the Substitution of Counsel for the undersigned attorney. Because of Mr. Erwine's belief that the potential compromise will not resolve his concerns with NRS 239.020, he desires to withdraw from the potential compromise. On April 9, 2019 the Defendant filed a Motion to Enforce Settlement (Doc. #31), which has been fully briefed and is scheduled for oral argument before the Court on May 14, 2019. As the parties reached a potential compromise at the February 4, 2019 ENE, very little discovery has been conducted by the parties and activity in the case had essentially ceased. As it has very recently become apparent that amendment is now required, the Plaintiff, in seeking to diligently prosecute this action, brings this motion.

**Argument**

Under FRCP 15(a)(1)(2), leave to amend should be freely granted when justice so requires. However, because leave to amend is sought here after the expiration of

the time specified in the Stipulated Discovery Plan and Scheduling Order, pursuant to the requirements of FRCP 16(b)(4), good cause exists for the request to grant leave to file an amendment in this matter, despite the fact that the February 19, 2019 deadline to amend pleadings or add parties has passed, because granting such leave will clarify the identity of the parties who are already named on the record and are litigating this matter, will clarify the grounds for the legal and factual dispute before the Court and the claims at issue, and because granting leave for the reasons stated herein will not result in prejudice to any party in this matter.

Erwine's claims in the Amended Complaint all arise out of the conduct, transaction, or occurrence set out (or attempted to be set out) in his original Complaint. I.e. all of Erwine's claims arise out of his employment as a peace officer with Churchill County under the supervision of Sheriff Trotter. Sheriff Trotter knew or should have known that this action would have been brought against him in his individual capacity, but for a mistake concerning the proper party's identity.

Under *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999) the Court used a three-part standard to determine whether good cause existed to grant leave under FRCP 16: (1) Whether the party diligently assisted with creation of the Rule 16 order; (2) Whether circumstances beyond its control and anticipation prevented compliance with the order, and (3) Whether after it became apparent a new schedule was needed, the party promptly sought relief.

Courts should ensure fairness in the litigation and the purpose of FRCP 16 is to get cases decided on the merits of issues that are truly meritorious and in dispute. *llen v. Bayer Corp*. (In re: *Phenylpropanolamine (PPA) Prods. Liab. Litig*.), 460 F.3d 1217, 1227 (9th Cir. 2006).

Courts should allow amendments to pleadings with extreme liberality. *Eldridge v. Block*, 832 F.2d 1132, 9 Fed. R. Serv. 3d 616 (9th Cir. 1987). The merits of the issues in this case will not be fairly heard by the Court as amendment will permit the

Plaintiff to properly bring his claims.  According to *Eldridge* the public policy favoring resolution on the merits, "is particularly important in civil rights cases."  *Id.* at 1137.

The request for leave herein otherwise timely because it is made before the discovery deadline of May 14, 2019 and well before any substantive discovery between the parties has taken place, and, as explained above, because the parties were negotiating a potential compromise of this action at the ENE prosecution of the action essentially ceased for a period of time.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the Plaintiff leave to file the Amended Compliant attached hereto as Exhibit 1.

**DATED** this Wednesday, May 1, 2019

By:_____
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE #82
 RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
*ATTORNEY FOR PLAINTIFF*

4

**EXHIBITS**

**1. AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing pleading by:

_____    personally delivering;

_____    delivery via Reno/Carson Messenger Service;

_____    sending via Federal Express (or other overnight delivery service);

_____    depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__X__    delivery via electronic means (fax, eflex, NEF, etc.) to:

>Katherine F. Parks, Esq.
>Thorndal Armstrong
>6590 S. McCarran Blvd. Suite B.
>Reno, NV 89509
>Attorney for the Defendant

**DATED** this Wednesday, May 1, 2019

By:____*/s/ Luke A. Busby*____
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE #82
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
*ATTORNEY FOR PLAINTIFF*