# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Erwine, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>County of Churchill, )<br>)<br>　　　　Defendant. )<br>)<br>) | 3:18-cv-00461-RCJ-WGC<br><br>**ORDER** |

Before this Court is Defendant's Motion to Enforce Settlement (ECF No. 31) and three motions by the Plaintiff: Motion to Unseal (ECF No. 33), First Motion to Extend Time (ECF No. 39), and First Motion to Amend Complaint (ECF No. 40). This Court finds that the Parties validly entered into an enforceable agreement on February 4, 2019 during an Early Neutral Evaluation (ENE) before Judge Carla B. Carry. Thus, the Court grants the Defendant's motion and denies the Plaintiff's Motions as moot.

During the ENE proceeding, the Parties agreed to the material terms for a settlement of the case. The settlement was conditional on the Parties agreeing on (1) which files from the Plaintiff's personnel file the Defendant would scrub and (2) that any settlement would comport with the Defendant's obligations under Nevada Revised Statute § 239B.020 (mandating certain disclosures by employers for past employees). In the ENE, the Court stated, for example:

///

> So I'm going to start with Mr. Erwine. Have you agreed in this particular case to dismiss this case and all claims, whether raised or unraised, in this litigation for the following settlement: First, for a $10,000 settlement, also for the scrubbing, the removal from your employment record of certain documents and records that are in your personnel file, together with a mutual recommendation that will be consistent with the requirements of NRS Section 239B.020?

///

(Pl. Resp. Ex. 1 at 4:12–4:21, ECF No. 34.) To which the Plaintiff replied, "Yes." *Id.* at 4:22.

Since this time, the Defendant has been trying to reduce the agreement to writing, but now the Plaintiff is attempting to withdraw from the binding agreement. The Defendant has produced a Proposed Mutual Release of All Claims (ECF No. 42) to the Plaintiff over a month before bringing the motion that appears to contain all of the essential elements of the agreement that the Parties have entered into, and the Plaintiff has not shown how the proposal is objectionable.

The Court has the power to enforce settlement agreements entered into by the Parties. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). A court should enforce a settlement agreement when (1) the settlement is complete and (2) the settlement is the result of an agreement of the parties. *Pamplin v. Dzurenda*, No. 3:16-cv-668, 2018 WL 4214417, at *2 (D. Nev. July 30, 2018), *report and recommendation adopted,* No. 3:16-cv-668, 2018 WL 4088004 (D. Nev. Aug. 27, 2018). Based upon the transcripts from the ENE proceedings, the Court finds that the Parties did enter into a validly executed settlement and that the Plaintiff cannot get out of the agreement for any reason other than the two conditions outlined in the above quote.

The Plaintiff has not shown how either of the two conditions were not met. First, the Defendant has agreed to remove every requested record from the Plaintiff's personnel file. Second, the Plaintiff complains that Section 239B.020 might require certain disclosures about the Plaintiff but neither posits how the Defendant's proposed Mutual Release of All Claims violates Section 239B.020 nor suggests an alternative to the Defendant's proposal. Thus, this Court grants the Defendant's Motion to Enforce Settlement. *See Pamplin*, No. 3:16-cv-668, 2018 WL 4214417, at

*3 (D. Nev. July 30, 2018) (holding that when a condition concerning a settlement is satisfied, then the settlement is binding). In granting the motion, this Court orders the Parties shall submit a stipulation and order dismissing this case with prejudice by May 31, 2019 and finds that the Proposed Mutual Release of All Claims adequately summarizes the binding agreement between the Parties.

Finally, the Defendant asks for attorney's fees to cover the extra litigation costs associated with having to argue the finality of the settlement agreement. The Defendant cites to *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), where the Ninth Circuit affirmed a district court's imposition of sanctions against a similarly situated plaintiff. While the cases are remarkably similar—both cases involve plaintiffs that entered into settlement agreements in open court clearly stating the material terms on record only to subsequently challenge the agreements' validity—the Court finds that sanctions are not appropriate. In *Doi*, the district court had warned the plaintiff that the oral agreement was binding, and the plaintiff had reversed her story; she previously argued that the agreement was not binding then changed her position to argue that the written agreement did not comply with the oral agreement. Despite, the more egregious behavior in *Doi*, the district court only imposed a sanction of $1,000, "which was far less than the attorney fees incurred" by the defendant. *Id.* Thus, the Court declines to impose any sanctions on the Plaintiff.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion to Enforce Settlement (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that the Parties shall submit a stipulation and order dismissing this case with prejudice by May 31, 2019.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Unseal (ECF No. 33) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Plaintiff's First Motion to Extend Time (ECF No. 39) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Plaintiff's First Motion to Amend Complaint (ECF No. 40) is DENIED AS MOOT.

IT IS FURTHER ORDERED that each Party shall bear its own costs and fees.

IT IS SO ORDERED.

Dated this 21st day of May, 2019.

_____
ROBERT C. JONES
United States District Judge