Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendants
CHURCHILL COUNTY AND BENJAMIN TROTTER

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE,<br><br>                              Plaintiff,<br><br>vs.<br><br>CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; and DOES 1 through 10 inclusive,<br><br>                              Defendants. | CASE NO.  3:18-cv-00461-RCJ-WGC<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |

COME NOW Defendants, CHURCHILL COUNTY and BENJAMIN TROTTER, by and through their attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in answer to Plaintiff's Complaint, hereby admit, deny, and allege as follows:

### FIRST DEFENSE

### Jurisdiction

1.      Paragraph 1 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 1 is deemed to contain factual allegations, Defendants deny said allegations.

///

///

2.      Paragraph 2 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 2 is deemed to contain factual allegations, Defendants deny said allegations.

3.      Paragraph 3 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 3 is deemed to contain factual allegations, Defendants deny said allegations.

**Venue**

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

**Parties**

5.      In answer to Paragraph 5 of Plaintiff's Amended Complaint, the Defendants admit the allegations contained in the first sentence.  As to the remaining allegations of Paragraph 5, Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the remaining allegations of Paragraph 5 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

6.      Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.      In answer to Paragraph 7 of Plaintiff's Amended Complaint, the Defendants admit the allegations contained in the first sentence.  As to the remaining allegations of Paragraph 7, they call for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent the remaining allegations of Paragraph 7 are deemed to contain factual allegations, Defendants deny said allegations.

///

8.      Paragraph 8 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 8 is deemed to contain factual allegations, Defendants deny said allegations.

**Statement of Facts**

9.      Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint that Defendant Churchill County employed Plaintiff during the time period stated therein.

10.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

11.     As to the first sentence of Paragraph 11, Defendants admit the allegations contained therein.  As to the second sentence and paragraph 11(a)-(g) of the Plaintiff's Amended Complaint contain the same citation to a document or documents, rather than factual allegations to be admitted or denied by the Defendants.  Said documents speak for themselves.

12.     Defendants deny the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

15.     In answer to Paragraph 15 of Plaintiff's Amended Complaint, the Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 15 of Plaintiff's

Amended Complaint and, upon such basis, deny said allegations.  As to the remaining allegations of Paragraph 15, the Defendants deny said allegations.

16.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

17.    Defendants admit the allegations contained in the first and third sentences of Paragraph 17 of Plaintiff's Amended Complaint.   As to the second, sixth, seventh and eighth sentences of Paragraph 17 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained therein and, upon such basis, deny said allegations.   Defendants deny the allegations contained in the fourth, fifth, ninth and tenth sentences of Paragraph 17 of Plaintiff's Amended Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.    As to the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 19 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained therein and, upon such basis, deny said allegations.    Defendants deny the allegations contained in the third sentence of Paragraph 19 of Plaintiff's Complaint.

20.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

21.    Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

23.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

24.     As to the first sentence of Paragraph 24 of Plaintiff's Amended Complaint, Defendants admit the allegations contained therein.   As to the second, fourth and sixth sentences of Paragraph 24 of Plaintiff's Amended Complaint, the Defendants deny said allegations.   As to the allegations contained in the third sentence of Paragraph 24 of Plaintiff's Amended Complaint, Defendants admit that Deputy Jabines asked an inmate to pick up items which had been dropped on the floor.  As to the allegations contained in the fifth sentence of Paragraph 24, Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph 24 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

25.     In answer to Paragraph 25 of Plaintiff's Amended Complaint, the Defendants deny the allegations contained in the first, second and fourth sentences.  As to the third sentence, the Defendants admit that Erwine removed his taser from his holder and deny the remaining allegations in the third sentence of Paragraph 25.   Defendants admit the allegations contained in the fifth sentence of Paragraph 25.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     In answer to the first sentence of Paragraph 27 of the Plaintiff's Amended Complaint, Defendants admit that Plaintiff was called into a meeting on October 10, 2016, with

Captain Matheson and Sheriff Trotter and deny the remaining allegations contained in same.  In answer to the second sentence of Paragraph 27, Defendants admit that Sheriff Trotter informed the Plaintiff that he was aware of the booking that took place over the weekend and that he had concerns over the Plaintiff's actions and deny the remaining allegations on information and belief.  Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 27 and, upon such basis, deny said allegations.  Defendants admit the allegations in the fourth sentence of Paragraph 27.  Defendants deny the allegations in the fifth sentence of Paragraph 27.

28.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

31.     Paragraph 31 of Plaintiff's Amended Complaint contains citation to documents, not facts to be admitted or denied.  The documents referenced in Paragraph 31 speak for themselves.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.     In answer to Paragraph 37 of Plaintiff's Amended Complaint, the first sentence calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent the first sentence of Paragraph 37 is deemed to contain factual allegations, Defendants deny said allegations.  Defendants deny the allegations in the second sentence of Paragraph 37 of Plaintiff's Amended Complaint.

38.     Paragraph 38 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 38 is deemed to contain factual allegations, Defendants deny said allegations.

39.     Paragraph 39 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 39 is deemed to contain factual allegations, Defendants deny said allegations.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

43.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

50.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

51.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

52.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

53.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

54.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

55.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

56.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and, upon such basis, deny said allegations.

57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

**CLAIMS FOR RELIEF**

**42 U.S.C. 1983 – VIOLATION OF DUE PROCESS**

**(PROTECTED PROPERTY INTEREST)**

**(Against Defendant Trotter)**

62.     In answer to Paragraph 62 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 62 as though fully set forth herein at length.

63.     Paragraph 63 of the Plaintiff's Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent Paragraph 63 is deemed to contain factual allegations, Defendants deny said allegations.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

**42 U.S.C. 1983 – VIOLATION OF DUE PROCESS**

**(PROTECTED LIBERTY INTEREST)**

**(Against Defendant Trotter)**

69.    In answer to Paragraph 69 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 68 as though fully set forth herein at length.

70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

///

///

///

## 42 USC 1983 – MONELL CLAIM

### (Against Churchill County)

77.     In answer to Paragraph 77 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 76 as though fully set forth herein at length.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

///

///

///

**VIOLATION OF DUE PROCESS – NEVADA CONSTITUTION**

**(Against All Defendants)**

86.     In answer to Paragraph 86 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 85 as though fully set forth herein at length.

87.     The first, second, third and fourth sentences of Paragraph 87 of Plaintiff's Amended Complaint call for a legal conclusion, not facts, which cannot be admitted or denied by Defendants.  To the extent the first, second, third and fourth sentences of Paragraph 87 are deemed to contain factual allegations, Defendants deny said allegations.  In answer to the fifth and sixth sentences of Paragraph 87, the Defendants deny same.

88.     Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

**TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICT**

**(Against All Defendants)**

91.     In answer to Paragraph 91 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 90 as though fully set forth herein at length.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

## DEFMATION

### (Against All Defendants)

98.     In answer to Paragraph 98 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 97 as though fully set forth herein at length.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.     Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101.     Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint.

102.     Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

**DEFAMATION PER SE**

**(Against All Defendants)**

103.    In answer to Paragraph 103 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 102 as though fully set forth herein at length.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE EMPLOYMENT**

**(Against All Defendants)**

108.    In answer to Paragraph 108 of Plaintiff's Amended Complaint, Defendants repeat and re-allege each and every answer to Paragraphs 1 through 107 as though fully set forth herein at length.

109.    Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Amended Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Amended Complaint.

## SECOND DEFENSE

Plaintiff's Amended Complaint on file herein fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

At all times and places alleged in Plaintiff's Amended Complaint, the negligence, misconduct, and fault of Plaintiff exceeds that of Defendants, if any, and Plaintiff is thereby barred from any recovery against Defendants.

## FOURTH DEFENSE

The occurrence referred to in Plaintiff's Amended Complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over whom Defendants have no control.

## FIFTH DEFENSE

It has been necessary for Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together with its costs expended in this action.

## SIXTH DEFENSE

Defendants allege that at all times and places alleged in the Amended Complaint, Plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid the loss herein complained of, and that same was directly and proximately contributed to and caused by the negligence, misconduct and fault of the Plaintiff.

## SEVENTH DEFENSE

Defendants allege that Plaintiff has failed to timely plead this matter and has thereby delayed the litigation and investigation of this claim to the prejudice of Defendants and accordingly this action should be dismissed.

**EIGHTH DEFENSE**

On information and belief, Defendants allege that Plaintiff's causes of action as set forth in the Amended Complaint are barred by the statute of limitations as contained in Chapter 11 of the Nevada Revised Statutes and Federal law.

**NINTH DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate his damages.

**TENTH DEFENSE**

Plaintiff is estopped from asserting any cause of action whatever against Defendants.

**ELEVENTH DEFENSE**

Plaintiff, by his acts and conduct, has waived and abandoned any and all claims as alleged herein against Defendants.

**TWELFTH DEFENSE**

Defendants' alleged actions or omissions were taken with due care in the execution of the statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

**THIRTEENTH DEFENSE**

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, Defendants are statutorily immune from this action.

**FOURTEENTH DEFENSE**

An award of punitive damages against Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages.  Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

**FIFTEENTH DEFENSE**

An award of punitive damages against Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

///

## SIXTEENTH DEFENSE

An award of punitive damages against Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

## SEVENTEENTH DEFENSE

An award of punitive damages against Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

## EIGHTEENTH DEFENSE

An award of punitive damages against Defendants should be barred since Plaintiff cannot establish that Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner".

## NINETEENTH DEFENSE

The burden of proof on punitive damages should be by clear and convincing evidence.

## TWENTIETH DEFENSE

Plaintiff's claims are barred for failure to exhaust all administrative remedies.

## TWENTY-FIRST DEFENSE

Plaintiff may have suffered from a pre-existing injury or condition and is not entitled to compensation therefore.

## TWENTY-SECOND DEFENSE

Plaintiff did not have a protected property interest in continued employment with Churchill County and, as such, Plaintiff fails to state a claim under 42 U.S.C. §1983 on which relief may be granted

## TWENTY-THIRD DEFENSE

Any alleged statements made by the Defendants, if any, were statements of opinions, not fact.

## TWENTY-FOURTH DEFENSE

At no time did Defendants make a false or defamatory statement concerning Plaintiff.

///

1

**TWENTY-FIFTH DEFENSE**

2  Defendants did not publish an unprivileged statement concerning Plaintiff to a third

3 person.

4

**TWENTY-SIXTH DEFENSE**

5  No custom or policy existed in Churchill County which caused a violation of Plaintiff's

6 constitutional rights.

7

**TWENTY-SEVENTH DEFENSE**

8  Plaintiff is barred from the recovery of punitive damages against Churchill County and

9 Benjamin Trotter pursuant to NRS 41.035.

10

**TWENTY-EIGHTH DEFENSE**

11  Plaintiff is barred from recovery of punitive damages against Churchill County pursuant

12 to 42 U.S.C. § 1988.

13

**TWENTY-NINTH DEFENSE**

14  Any alleged statements made by Defendants concerning Plaintiff, if any, as alleged in

15 Plaintiff's Amended Complaint were absolutely privileged.

16

**THIRTIETH DEFENSE**

17  Any alleged statements made by Defendants concerning Plaintiff, if any, as alleged in

18 Plaintiff's Amended Complaint were conditionally privileged.

19

**THIRTY-FIRST DEFENSE**

20  Any alleged statements made by Defendants concerning Plaintiff, if any, as alleged in

21 Plaintiff's Amended Complaint which were stated as fact were true.

22

**THIRTY-SECOND DEFENSE**

23  No prospective contract existed between Plaintiff and any third party of which this

24 Defendants' were aware.

25

**THIRTY-THIRD DEFENSE**

26 Plaintiff's claims are barred by virtue of NRS 41.660.

27

**THIRTY-FOURTH DEFENSE**

28  The Court should decline to accept jurisdiction of Plaintiff's state law claims.

## THIRTY-FIFTH DEFENSE

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer, and therefore Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendants pray:

1.  That Plaintiff's Amended Complaint be dismissed with prejudice and that he take nothing thereby;

2.  That Defendants be awarded a reasonable attorney's fee and costs of suit; and

3.  For such other and further relief as this Court deems just and proper.

DATED this 15th day of September, 2020.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: _/ s / Katherine F. Parks_____
    Katherine F. Parks, Esq.
    State Bar No. 6227
    6590 S. McCarran Blvd., Suite B
    Reno, Nevada 89509
    (775) 786-2882
    kfp@thorndal.com
    Attorneys for Defendants
    Churchill County and Benjamin Trotter

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK

BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANTS'**

**ANSWER TO AMENDED COMPLAINT** to be served on all parties to this action by:

\_\_\_\_\_   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the

United States mail at Reno, Nevada.

\_\_✓\_\_   United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

\_\_\_\_\_   personal delivery

\_\_\_\_\_   facsimile (fax)

\_\_\_\_\_   Federal Express/UPS or other overnight delivery

fully addressed as follows:

> **Luke Busby, Esq.**
> **316 California Ave., #82**
> **Reno, NV 89509**
> *Attorney for Plaintiff*

DATED this 15th day of September, 2020.

_/ s / Sam Baker_

An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER