1  LUKE A. BUSBY, ESQ
   Nevada Bar No. 10319
2  LUKE ANDREW BUSBY, LTD.
   316 California Ave. 82
3  Reno, Nevada 89509
   775-453-0112
4  luke@lukeandrewbusbyltd.com
   *Attorney for the Plaintiff*

5

6                **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8                              * * *

9  MICHAEL ERWINE,
                                          Case No.: 3:18-cv-00461-RCJ
10                Plaintiff,               WGC
   vs.
11
   CHURCHILL COUNTY, a political subdivision    **MOTION TO EXCLUDE**
12 of the State of Nevada, CHURCHILL            **TESTIMONY OF DEFENDANTS'**
                                                **EXPERT**
13 COUNTY SHERIFF BENJAMIN TROTTER,
   and DOES 1 through 10 inclusive;            **ORAL ARGUMENT**
14                                             **REQUESTED**
                Defendants.
15 _____/

16

17        COMES NOW, Plaintiff, MICHAEL ERWINE, by and through the undersigned

18 counsel, and hereby respectfully moves that the Court exclude and/or strike the

19 testimony of CHURCHILL COUNTY and CHURCHILL COUNTY SHERIFF

20 BENJAMIN TROTTER's (collectively, "Churchill County" or "Defendants") rebuttal

21 expert witness Aubrey A. Corwin for failure to comply with the requirements of Federal

22 Rule of Civil ("FRCP") 26(A)(2) in that Ms. Corwin is not a rebuttal expert; and because

23 Ms. Corwin is not qualified to render rebuttal opinions on the subject matters of the

24 Plaintiff's experts.

25        This Motion is made and based upon all of the pleadings and records on file for

26 these proceedings together with every exhibit that is mentioned herein or attached

27 hereto (each of which is incorporated by this reference as though it were set forth

28

                                       1

Case 3:18-cv-00461-RCJ-WGC   Document 75   Filed 11/19/20   Page 2 of 10

hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Erwine is a former Deputy Sheriff for Churchill County.  Between December 9, 2015 and October 10, 2016, Churchill County employed Erwine in the capacity of Detention Deputy at the County Jail. From the commencement of Erwine's employment with Churchill County, Erwine witnessed Churchill County sheriff's deputies blatantly disregarding basic Constitutional rights of inmates at the jail, and further disregarding the essential duties of a Detention Deputy.  Erwine was constructively discharged contrary to law by Churchill County and Sheriff Trotter in response to his documentation of the misconduct of his fellow employees at the Churchill County Jail.  Subsequent to Mr. Erwine's constructive discharge and unbeknownst to Mr. Erwine, Sheriff Trotter placed a defamatory memorandum in Mr. Erwine's file which was subsequently distributed to law enforcement agencies in Nevada with whom Erwine had filed applications for employment.  Erwine has filed claims against Churchill County and Sheriff Trotter herein for violation of his due process rights under the Nevada and US Constitutions, tortious discharge, defamation, defamation per se, and intentional interference with prospective employment.

### Ms. Corwin is not a rebuttal witness

The parties' Stipulated Discovery Plan and Scheduling order (Doc. # 65) called for FRCP 26(a)(2) expert disclosures to be made by September 2, 2020. The Plaintiff timely disclosed Gilbert Coleman, Ph.d. as an economic damages expert and Michael S. Giurlani to testify as to his opinions in this case as to employment practices for peace officers in the State of Nevada and Mr. Erwine's allegations that his reputation and career prospects were injured by the actions of the Defendants.  *See* Exhibit 1. The Defendants did not disclose any direct expert witnesses.

The parties' amended Stipulated Discovery Plan and Scheduling order (Doc. # 74) called for rebuttal expert disclosures to be due November 2, 2020.  The parties informally agreed to extend the deadline for rebuttal expert disclosures to November 17, 2020. The Defendants disclosed Ms. Corwin on November 16, 2020 and provided the associated expert disclosure documents in Exhibit 2[1], attached hereto.

The disclosure in Exhibit 2 states in pertinent part that:

> Ms. Corwin has been retained by the Defendants to examine the facts and evidence in this case and to provide her opinion regarding loss of income and/or any claim related to Plaintiffs loss of earnings, earning capacity, vocational assessment and/or ability to have gained employment following his separation from employment with Churchill County. ***Ms. Corwin's opinion will include, but will not be limited, to an assessment of any and all opinions given by Gilbert Coleman, PH.D. and/or Michael S. Giurlani.***
>
> ***[emphasis added]***

Although Ms. Corwin's report is entitled "Earning Capacity Evaluation," Ms. Corwin does not provide any such evaluation.  Rather, Ms. Corwin simply concludes that: "There is no foundation to support any opinion or claim that Mr. Erwine has sustained any past lost wages or future loss of earning capacity due to his voluntary separation from the Churchill County Sheriffs Department." *See* Exhibit 2 at 31.  Ms. Corwin also states that, "Over the period of time I have practiced, I have done thousands of evaluations of employability and earning capacity such as the one I have done in this case." *See* Exhibit 2 at 7.  However, as described further below, Ms. Corwin's "evaluation" is not in any way responsive to the opinions rendered by the Plaintiff's experts.

In the "Source and Reason for Referral" section of Ms. Corwin's report, it states that the case "…is referred by Attorney Katherine Parks for earning capacity

---

[1] The copy of the Defendant's disclosure in Exhibit 2 is Bates numbered for the Court's convenience.

3

evaluation and rebuttal to the Report of Gilbert R. Coleman, Ph.D., dated September 2, 2020."  Here, in so far as Ms. Corwin appears to be rebutting the opinion in the report Dr. Coleman, she misses the mark completely.   Dr. Coleman provided a calculation of economic damages to Mr. Erwine based on the assumption that he has such damages.  *See* Exhibit 3.  Ms. Corwin, rather than rebutting Mr. Coleman's report (i.e. his opinions and calculations) appears to be concerned with the legal merits of Mr. Erwine's claims.  While Ms. Corwin's report presents summary of the evidence in this case, there is only passing references to the opinions and conclusions of the Plaintiff's experts.

Ms. Corwin's report states that she specializes in "the assessment of an individual's ability to work and earn wages with or without consideration of the impact of an impairment or disability on their ability to work." Exhibit 2 at 7. There is no impact of an impairment or disability on Erwine's ability to work at issue in this case, and Ms. Corwin offers no analysis as to why this would be the case.  Clearly, as this issue has nothing to do with this case, it was not addressed in the reports of Dr. Coleman (Exhibit 3) and Mr. Giurlani (Exhibit 4).

In the "Analysis of Earning Capacity/Employability" section of Ms. Corwin's report, she provides what are, frankly, irrelevant observations and legal opinions on the merits of Mr. Erwine's claim, not any genuine rebuttal of the opinions offered by the Plaintiff's experts.  For example, Ms. Corwin's report states:

> Mr. Erwine's claims related to his violation of due process, tortious discharge in violation of public policy, defamation, and intentional interference with prospective employment are unsubstantiated given the records provided for review.  Again, Mr. Erwine voluntarily resigned from his position and was still in his probationary period. As noted in the agreement outlined above, employees may be dismissed without a cause or right of appeal during their probationary period. *See* Exhibit 2 at Bates 27.

> There is no evidence at the time of this report that "Trotter's memorandum was provided to the law enforcement agencies," other than Washoe County Sheriff's

Department, for which Mr. Erwine made application as outlined in the Amended Complaint or that, anyone [sic].  *See* Exhibit 2 at Bates 28.

There is no foundation to support any opinion or claim that Mr. Erwine has sustained any past lost wages or future loss of earning capacity due to his voluntary separation from the Churchill County Sheriff's Department. *See* Exhibit 2 at Bates 28.

While an expert may disclose opinions as to issues of fact, legal conclusions and issues of law are not properly within the scope of an expert witness's testimony: "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law*." In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) citing *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir. 1992) (among others).

Ms. Corwin is not a legitimate rebuttal expert and to the extent her report constitutes a general expert disclosure, it is untimely, and should be excluded from the trial in this matter.   "'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).  A party may disclose a rebuttal expert when the rebuttal expert's testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness." *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011).  If a rebuttal expert's testimony intended to "contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one." *Amos v. Makita U.S.A.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (citing *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992)); see also *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (affirming a trial court's exclusion of a direct expert disclosed as a rebuttal expert).

Expert testimony which is not truly rebuttal in nature is not allowed at trial, unless the failure to disclose information required by Rule 26(a) was harmless or substantially justified. FRCP 37(c)(1).  Here, there is no justification for permitting the Defendants to fail to disclose any direct expert, and then to submit a rebuttal report

with a scope that is far beyond any rebuttal of the Plaintiffs witnesses, and fails to address the opinions in the Plaintiff's experts reports.

According to Ms. Corwin's fee schedule, she expects to be paid $575 an hour for deposition testimony.  Expecting the Plaintiff to be required to pay $575 an hour to depose a witness who is improperly designated as a rebuttal expert is prejudicial to the Plaintiff.[2]  Instead of complying with this Court's Order that Defendants experts' opinions should be set forth by September 2, 2020, the Defendant withheld the opinions and presented them at a such a time that deprives the Plaintiff an opportunity for rebuttal.  No cure for this prejudice is currently available because the deadline to disclose rebuttal experts has passed.  Addressing this matter at trial, rather than in motion practice, will result in relative disruption and delay at trial because the Plaintiff should not be required to incur the time and expense of responding to an improperly disclosed expert through sur-rebuttal or some other irregular process at trial.  Further, failing to disclose any direct expert was clearly a willful act of the Defendants, as the allegations in Mr. Erwine's Amended Complaint are crystal clear, i.e. Mr. Erwine's professional reputation in the law enforcement community has been drastically and irrevocably damaged by the unlawful actions of the Defendants, and this has caused him substantial economic and reputational harm. If the Court feels that the remedy under FRCP 37(C) of striking Ms. Corwin's testimony is too drastic, the Court should, at a minimum, permit the Plaintiff to designate an additional expert witness and file a rebuttal report to Ms. Corwin's report, and to depose Ms. Corwin even if the discovery deadlines in this case have passed.

///

///

///

---

[2] If the Court denies this Motion in whole or part, the Plaintiff requests leave to conduct a deposition of Ms. Corwin after the close of discovery, if necessary. The Plaintiff does not feel at this time spending the amounts on a deposition is reasonable, given that Ms. Corwin's report is so

**Ms. Corwin is not qualified to rebut the subject matter in the Plaintiff's expert reports**

Ms. Corwin is not qualified to render an opinion on either of the subjects addressed by the Plaintiff's experts, Dr. Coleman or Mr. Giurlani.  Dr. Coleman, whose expert report and associated qualifications are attached hereto as Exhibit 2 (Sans the attached data), is a Stanford educated Ph.D in economist who has extensive experience in calculating economic damages.  Mr. Giurlani, whose expert report is attached hereto as Exhibit 3, is a 25-year veteran of the Nevada Highway Patrol and former President of the Nevada State Law Enforcement Officer's Association.  Ms. Corwin does not state in her report why she would be qualified to render opinions to oppose the opinion of Mr. Giurlani or Dr. Coleman.

According to Ms. Corwin's CV, Ms. Corwin is a Licensed Professional Counselor, a Certified Rehabilitation Counselor, a Life Care Planner, and a Certified Guidance Counselor for Prekindergarten through 12th grade.  While she has a BA degree and a Masters in Psychology, and a "Life Care Planning Pre-Certification Program," (See Exhibit 1 at 33) there is no substantiation of Ms. Corwin's ability or qualifications to rebut the testimony of a Ph.D economist from Stanford (Dr. Coleman) or a Police Practices Expert with 25 years of experience as a highway patrolman (Mr. Giurlani). Psychology and Life Care Planning are entirely different fields than that of a police practices expert or a professional economist.  There is no showing in Ms. Corwin's background or in her report in Exhibit 2 that she has any specialized knowledge whatsoever of police hiring and discipline practices and/or lost wage calculations specific to police officers, much less police officers in Nevada.

In assessing whether an expert has the appropriate qualifications, the court considers whether the expert offers some special knowledge, skill, experience, training or education on the subject matter. See Fed. R. Evid. 702; *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).  Ms. Corwin lacks any basis in her scope of expertise to challenge the subject matter of the opinions of Dr. Coleman or Mr.

Giurlani.  See *United States v. An Article of Drug*, 661 F.2d 742, 745 (9th Cir. 1981) (affirming exclusion of expert testimony where witness lacked relevant education to opine on an issue).  Ms. Corwin does not possess scientific, technical, or other specialized knowledge that qualify her to rebut opinions from experts in completely different fields and on completely different subject matters, which she portends to do in her report in Exhibit 2.  Life care planning and vocational rehab are simply different subjects of inquiry than economics and police practices, and Ms. Corwin lacks the requisite qualifications under FRE 702 to render expert opinion on these subjects.

WHEREFORE, the Plaintiff respectfully requests that the Court grant this Motion and exclude Ms. Corwin's testimony from trial.  In the alternative, the Plaintiff's request that the Court grant leave for the Plaintiff's to designate and additional expert file a rebuttal report in response to Ms. Corwin's report.  If the Court denies this Motion in whole or part, the Plaintiff requests leave to conduct a deposition of Ms. Corwin after the close of discovery, if necessary.

**DATED** this Thursday, November 19, 2020

By:_____

LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE. #82
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
*ATTORNEY FOR PLAINTIFF*

8

# EXHIBITS

1. **PLAINTIFF'S EXPERT DISCLOSURE**
2. **DEFENDNATS' EXPERT DISCLOSURE**
3. **COLEMAN EXPERT REPORT (PERTINENT PARTS)**
4. **GIURLANI EXPERT REPORT**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing pleading by:

_____        personally delivering;

_____        delivery via Reno/Carson Messenger Service;

_____        sending via Federal Express (or other overnight delivery service);

_____        depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_X\_\_\_       delivery via electronic means (fax, eflex, NEF, etc.) to:

Katherine F. Parks, Esq.
Thorndal Armstrong
6590 S. McCarran Blvd. Suite B.
Reno, NV 89509
Attorney for the Defendant

**DATED** this Thursday, November 19, 2020

By: _Luke A. Busby_
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE #82
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
ATTORNEY FOR PLAINTIFF