# EXHIBIT 1 –
## "Trotter Memo"

# EXHIBIT 1 –
## "Trotter Memo"

On 10/7/2016 around 0830 hours, I met with Deputy Mike Erwine in Sgt. Jesse
Nuckolls's office.  Sgt. Nuckolls had been having a counseling session with him
when I knocked.  Sgt. Nuckolls left the office so I could meet with Dep. Erwine.

I told Dep. Erwine that I had been hearing things about him considering the jail
a temporary assignment and that we were wasting his skills in the jail.  I told
him I'd also heard that he told people I, the Sheriff, had told him he wouldn't
be working in the jail long and would be on Patrol in short order.  I told Dep.
Erwine that transfers out of the jail onto Patrol are completely out of my hands
and are sporadic and random.  I told him I would never make such a statement as
I have no way of knowing how true it would be.  I also told him that I did not
consider POST certs and seniority nearly as important for transfer or promotion
as proving yourself to be a quality employee.  I then told him that there were
three things that he could do to impress me as a good employee: professional
attitude and actions, hard worker and team player.

Dep. Erwine repeated to me several times during the conversation that his
primary goal was to get through his probation which ends in December 2016.  I
told Dep. Erwine that he could reach this goal if he accomplished the three
things I had mentioned.  I told him we are here to help him succeed and I wanted
him to succeed.  I told him I knew there was some possible friction between he
and Sgt. Summers but told him he had a potential fresh start since he was now
working under Sgt. Nuckolls.

Dep. Erwine appeared receptive to my comments.  He said he didn't know what else
he could do to prove himself a good employee.  I reiterated the "three things"
that I had mentioned.  We shook hands.  The meeting took about 15 minutes.

CHSO Fri Oct 7 10:05:11 PDT 2016, B. Trotter 123

DEF00194

# EXHIBIT 2 –
## "Affidavit of Ben Trotter in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence "

# EXHIBIT 2 –
## "Affidavit of Ben Trotter in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence"

1   Katherine F. Parks, Esq. - State Bar No. 6227
2   Thorndal Armstrong Delk Balkenbush & Eisinger
    6590 S. McCarran Blvd., Suite B
3   Reno, Nevada 89509
    (775) 786-2882
4   kfp@thorndal.com
5   Attorneys for Defendants
    CHURCHILL COUNTY AND
6   BENJAMIN TROTTER

7               UNITED STATES DISTRICT COURT

8                    DISTRICT OF NEVADA
9
    MICHAEL ERWINE,
10                                          CASE NO.  3:18-cv-00461-RCJ-WGC

11                              Plaintiff,
                                            **AFFIDAVIT OF BEN TROTTER IN**
12  vs.                                     **SUPPORT OF DEFENDANT'S**
                                            **OPPOSITION TO MOTION FOR**
13  CHURCHILL COUNTY, a political subdivision  **PRESUMPTION AND ADVERSE**
    of the State of Nevada; CHURCHILL COUNTY  **JURY INSTRUCTION DUE TO**
14  SHERIFF BENJAMIN TROTTER; and DOES 1    **SPOILATION OF EVIDENCE**
15  through 10 inclusive,

16                              Defendants.
17

18  STATE OF NEVADA          )
                             )ss
19  COUNTY OF WASHOE         )

20        COMES NOW, **Ben Trotter**, being first duly sworn under penalty of perjury, and hereby

21  declares and says the following:

22        1. My name is Ben Trotter.

23        2. I am a resident of the State of Nevada.

24        3. I am over the age of eighteen (18).

25        4. I was the Sheriff of Churchill County during Michael Erwine's probationary

26  employment at the CCSO.

27        5. On October 7, 2016, I authored a counseling note pertaining to Michael Erwine

28  immediately following a meeting I had with him as documented in the counseling note.

- 1 -

1         6. A true and correct copy of the counseling note I authored is attached to the

2    Defendants' Opposition to Plaintiff's Motion for Presumption and Adverse Jury Instruction Due

3    to Spoliation of Evidence as Exhibit No. 1

4         Your Affiant swears under penalty of perjury that the foregoing assertions of fact are true

5    and correct.

6         **FURTHER YOUR AFFIANT SAYETH NAUGHT:**

7         DATED this _15th_ day of January, 2021.

8                                         Ben Trotter

9

10   SUBSCRIBED and SWORN to before me

11   this _15th_ day of January, 2021.

12

13   _Sheena Openshaw_

14   NOTARY PUBLIC

15                    **SHEENA OPENSHAW**
                 Notary Public - State of Nevada

16                    Appointment Recorded in Churchill County
                 No: 09-10663-4 - Expires July 28, 2021

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

# EXHIBIT 3 –
# "Matheson Memo"

# EXHIBIT 3 –
# "Matheson Memo"

Supervisor's Comment

At Deputy Erwine's request, I met with him on this date, in my office, at 1300 hours. Deputy Erwine had received a Documented Verbal Warning from Sergeant Summers on 08/10/2016. The reason for the discipline was for failure to perform and log facility wide detention checks as required by department policy. The lack of activity occurred over Sergeant Summers' days off. It should be noted that Deputy Keller will receive a written reprimand for this same violation due to it being his second documented violation of the same policy.
Deputy Erwine was concerned that he was being targeted for dismissal via a paper trail. I told him that as far as a paper trail, yesterdays discipline had begun that. As far as an agenda to terminate him, I replied that was false. I told him that if we did not value him he would not have been hired. We are too small of an agency not to value every employee and take the steps necessary to allow them to succeed.
Deputy Erwine expressed concern that as a part of his Documented Verbal Warning, Sergeant Summers had recommended that he not be permitted to continue ride a longs with Patrol until he has completed his one year probation. I concur with Sergeant Summers Recommendation. Deputy Erwine needs to focus on and master his duties and functions in the detention center before being distracted by other opportunities.
I told Deputy Erwine that to this time he had earned a reputation with his co workers as an unmotivated and under performing deputy. I strongly encouraged him to re focus and motivate himself to perform at a higher level and be a good partner who will be respected and relied upon. He is a young man just starting his career and now is the time to change his path and build a successful career.
I told Deputy Erwine that the alternative was that this administration is not adverse to terminating probationary employees who are not performing to standards. This was given as a historical perspective that has been established to protect the integrity and performance of the sheriff's office not just for the present but for the future.
Deputy Erwine displayed a receptive and positive attitude during this meeting. He acknowledged that he was perceived during FTO as having a lack of accountability for his actions and performance. On this date he fully acknowledged responsibility for the performance that earned him the discipline.

Captain M.C. Matheson #248   Thu Aug 11 14:25:28 PDT 2016

DEF00195

# EXHIBIT 4 –
## "Declaration of Michael Matheson in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence"

# EXHIBIT 4 –
## "Declaration of Michael Matheson in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence"

1 Katherine F. Parks, Esq. - State Bar No. 6227
2 Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
3 Reno, Nevada 89509
(775) 786-2882
4 kfp@thorndal.com
5 Attorneys for Defendants
CHURCHILL COUNTY AND
6 BENJAMIN TROTTER

7                  UNITED STATES DISTRICT COURT

8                       DISTRICT OF NEVADA

9

10 MICHAEL ERWINE,                           | CASE NO.  3:18-cv-00461-RCJ-WGC

11                          Plaintiff,

12 vs.                                       | **DECLARATION OF MICHAEL MATHESON IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRESUMPTION AND ADVERSE JURY INSTRUCTION DUE TO SPOILATION OF EVIDENCE**

13 CHURCHILL COUNTY, a political subdivision
14 of the State of Nevada; CHURCHILL COUNTY
SHERIFF BENJAMIN TROTTER; and DOES 1
15 through 10 inclusive,

16                          Defendants.

17

18 STATE OF NEVADA          )
                            )ss
19 COUNTY OF WASHOE         )

20      COMES NOW, **Michael Matheson**, being first duly sworn under penalty of perjury, and

21 hereby declares and says the following:

22      1. My name is Michael Matheson.

23      2. I am a resident of the State of Nevada.

24      3. I am over the age of eighteen (18).

25      4. I was a Captain with the Churchill County Sheriff's Office in August of 2016 and

26 during Michael Erwine's probationary employment at the CCSO.

27      5. On August 11, 2016, I authored a counseling note pertaining to Michael Erwine

28 immediately following a meeting I had with him on that date.

- 1 -

6. A true and correct copy of the counseling note I authored is attached to the Defendants' Opposition to Plaintiff's Motion for Presumption and Adverse Jury Instruction Due to Spoliation of Evidence as Exhibit No. 3

Your Affiant swears under penalty of perjury that the foregoing assertions of fact are true and correct.

**DELCARANT FURTHER SAYETH NAUGHT:**

DATED this 14 day of January, 2021.

Michael Matheson

# EXHIBIT 5 –
## "Affidavit of Sergeant Jesse Nuckolls in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence"

# EXHIBIT 5 –
## ""Affidavit of Sergeant Jesse Nuckolls in Support of Defendant's Opposition to Motion for Presumption and Adverse Jury Instruction Due to Spoilation of Evidence"

1   Katherine F. Parks, Esq. - State Bar No. 6227
2   Thorndal Armstrong Delk Balkenbush & Eisinger
    6590 S. McCarran Blvd., Suite B
3   Reno, Nevada 89509
    (775) 786-2882
4   kfp@thorndal.com
5   Attorneys for Defendants
    CHURCHILL COUNTY AND
6   BENJAMIN TROTTER

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

9

10   MICHAEL ERWINE,                      CASE NO.  3:18-cv-00461-RCJ-WGC

11                        Plaintiff,
                                          **AFFIDAVIT OF SERGEANT JESSE
12   vs.                                  NUCKOLLS IN SUPPORT OF
                                          DEFENDANT'S OPPOSITION TO
13   CHURCHILL COUNTY, a political subdivision   MOTION FOR PRESUMPTION AND
     of the State of Nevada; CHURCHILL COUNTY    ADVERSE JURY INSTRUCTION DUE
14   SHERIFF BENJAMIN TROTTER; and DOES 1        TO SPOILATION OF EVIDENCE**
15   through 10 inclusive,

16                        Defendants.

17

18   STATE OF NEVADA          )
                              )ss
19   COUNTY OF WASHOE         )

20        COMES NOW, **Sergeant Jesse Nuckolls**, being first duly sworn under penalty of

21   perjury, and hereby declares and says the following:

22        1.  My name is Jesse Nuckolls.

23        2.  I am a resident of the State of Nevada.

24        3.  I am over the age of eighteen (18).

25        4.  I am a Sergeant with the Churchill County Sheriff's Office.

26        5.  I have been an employee of the Churchill County Sheriff for 14 years.

27        6.  My job as Detention Sergeant includes IT (Information Technology) duties.

28        7.  At all times relevant to this lawsuit, the Churchill County Sheriff's Detention Facility

     used a digital video recording platform installed by Desert Hills Fire and Security Systems.

                                      - 1 -

1    8. That system would record, and automatically delete, video footage after thirty (30)

2    days.

3    9. Any remnants of deleted videos were overwritten by newly recorded footage.

4    10. Deletion of surveillance video was part of an automated process and not

5    accomplished manually by Detention Facility Deputies.

6    11.   In December of 2017, the Churchill County Sheriff's Department changed physical

7    locations and implemented a new video surveillance system at the new Detention Facility

8    installed by CML Security.

9    12. I understand the penalties for perjury that could include prison and that perjury is a

10   felony.

11   Your Affiant swears under penalty of perjury that the foregoing assertions of fact are true

12   and correct.

13   **FURTHER YOUR AFFIANT SAYETH NAUGHT:**

14   DATED this ___14___ day of January, 2021.

15   _____
     Sgt. Jesse Nuckolls

16

17   SUBSCRIBED and SWORN to before me

18   this 14th day of January, 2021.

19

20   _____

21   NOTARY PUBLIC

22
     SHEENA OPENSHAW
     Notary Public - State of Nevada
23   Appointment Recorded in Churchill County
     No: 09-10663-4 - Expires July 28, 2021

24

25

26

27

28

-2-