UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| MICHAEL ERWINE, <br><br>        Plaintiff, <br><br>vs. <br><br>CHURCHILL COUNTY, *et. al.,* <br><br>        Defendants. | Case No.: 3:18-CV-0461-RCJ-WGC <br><br><br><br>JUDGE ROBERT C. JONES' <br>**AMENDED** <br>**ORDER REGARDING TRIAL** |

1. This case is presently scheduled for the stacked trial calendar before Judge Robert C. Jones, in Courtroom TBD, Reno, Nevada, commencing on **Tuesday, March 15, 2022 at 8:30 AM.**

2. Counsel for all parties and Plaintiff shall appear **N/A** in Reno Courtroom TBD for Calendar Call. Unless a party in a civil case or a defendant in a criminal case is appearing pro se, the individual parties in civil cases and defendants in criminal cases will not be required to appear for Calendar Call unless the Court directs otherwise.

3. Counsel or their clients will be excused from Calendar Call if settlement papers have been filed in a civil case or a defendant's plea of guilty or nolo contendere has been accepted in a criminal case prior to the date scheduled for Calendar Call.

4. At the Calendar Call, all cases that remain to be tried will be ranked in order of trial. Thereafter, the Court will not grant a continuance to any party absent a showing of good cause. Unless the Court otherwise directs, the cases will be tried one after the other on **TWENTY-FOUR (24) HOURS'** notice from the clerk.

5. **CHANGE OF PLEA HEARINGS.** Hearings for the purpose of change of plea in criminal cases will follow Calendar Call unless otherwise set. It shall be the joint responsibility of counsel for Plaintiff United States and for Defendant to ensure that the original plea agreement and two copies are delivered to Lesa Ettinger, Courtroom Administrator, one week prior to the date of the plea of guilty or nolo contendere is to be taken. It shall further be the responsibility of counsel for Plaintiff United States to ensure that any necessary Produce Orders or Writs of Habeas Corpus Ad Prosequendum

are timely delivered to the United States Marshal to ensure the presence of all defendants who are in custody for change of plea, and to ensure proper notification for the attendance of any court interpreter who may be required for the particular case.

      6.     **PRETRIAL CONFERENCE.**  At the request of any party, or at the direction of the Court, a pretrial Conference may be scheduled for any case.  Requests by the parties should be made to the Courtroom Deputy Clerk by no later than the afternoon before Calendar Call.

      7.     **WITNESSES.**  Counsel, and any parties appearing pro se, shall immediately subpoena all witnesses for the time and trial date as listed above.  Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact the **<u>office of counsel</u>** for further instructions prior to appearing for trial.  Witnesses are not required to be present at the Calendar Call.

      8.     **On or before Friday, February 11, 2022**, and to the extend they haven't already done so in accordance with the Court's Joint Pretrial Order, or other order, **COUNSEL FOR ALL PARTIES, AND ANY PARTY APPEARING PRO SE, SHALL COMPLY WITH THE FOLLOWING:**

      a.     **EXHIBITS.**   Shall electronically file their complete exhibit list of all exhibits that are intended to be used during trial.  Numerals shall be used to identify all exhibits. Plaintiff's exhibits shall be marked 1 through 499.  Defendant's exhibits shall be marked 500 through 1,000. Exhibits that are on the same subject matter may be marked as a series, that is, Plaintiffs 1-A, 1-B, etc. and Defendants 500-A, 500-B, etc. ***The exhibits list format shall conform to the requirements approved by the Court.  Court approved Exhibit List Form can be found on the Court's website, <u>www.nvd.uscourts.gov, under the Forms tab</u>.***  The Court uses the Jury Electronic Recording System ("JERS"). At least five (5) business days before trial, the parties must provide the Courtroom Administrator with electronic media (e.g., CD, thumb drive, or hard drive) that contains images of the all the exhibits counsel intend to use, in a format specified by the memorandum attached as exhibit 1 to this Order. Counsel should retain copies of their exhibits for use by the witness in the courtroom if needed.

      b.     **MARKING EXHIBITS.**  During preparations for trial, counsel for all parties must meet, confer, pre-mark, and exchange all trial exhibits. At least five (5) business

days before trial, counsel must notify Judge Jones' courtroom Administrator that the exhibits have been pre-marked. At the commencement of trial, counsel shall provide the Courtroom Administrator with a courtesy copy of exhibits.

      c. **WITNESS LISTS.** Shall be filed with the Clerk of the Court a list of witnesses expected to be called on behalf of each party for use by the Court during jury selection

      d. **STATEMENT OF THE CASE.** Shall be filed with the Clerk of the Court a brief statement of the case, no longer than one-half page, stating the nature of the claims and defenses, to be read to prospective jurors at the time of jury selection; In a criminal case, a copy of the Indictment, indicating which portions should be read to the jury, will satisfy this requirement

      e. **PROPOSED VOIR DIRE QUESTIONS.** Shall be filed with the Clerk of the Court all proposed voir dire questions to be asked of the jury panel by the Court.

      f. **JURY INSTRUCTIONS IN CRIMINAL CASES.** Shall file with the Clerk of the Court and submit proposed jury instructions and verdict forms to chambers in WordPerfect or Word format or by email addressed to the Judicial Assistant, Carrie Lipparelli, *Carrie_Lipparelli@nvd.uscourts.gov*. The submitted jury instructions shall identify all jury instructions upon which counsel have agreed and all jury instructions upon which they have not agreed, together with a printed copy of each instruction annotated with the authority for each instruction. Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority supporting the modification.

      g. <u>**JURY INSTRUCTIONS – Civil Cases.**</u> Shall submit proposed jury instructions as follows:

    (a) The parties shall jointly submit one set of agreed upon instructions. To accomplish this, the parties shall serve their proposed instructions on each other two weeks prior to trial. The parties shall then meet, confer, and electronically file with the Clerk of the Court one complete set of agreed upon instructions.

    (b) If the parties cannot agree upon one complete set of instructions, they shall electronically file with the Clerk of the court one set of those instructions that have been agreed upon, and each party shall file electronically file a supplemental set of instructions that are not agreed upon.

  (c) No later than five (5) days before trial, each party shall file with the Clerk of the Court any objections to the non-agreed upon instructions proposed by the other party. All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety. The objection should specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction.

  (d) The parties shall submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

    (i) there must be two (2) copies of each instruction;

    (ii) the first copy shall be annotated with the authority supporting the instruction;

    (iii) the second copy shall contain only the proposed instruction – there should be no other marks or writings on the second copy except for the words "Jury Instruction No.____" in the bottom margin.

  (e) On the day of trial the parties may submit a concise argument in support of proposed instructions to which the other party objected.

  (f) All instructions should be short, concise, understandable, and neutral statements of law. Argumentative or formula instructions are improper, will not be given, and should not be submitted.

  (g) Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority supporting the modification.

  (h) Counsel shall submit to the court, using WordPerfect or Word software, proposed jury instructions, either on:

    (i) by email addressed to Carrie_Lipparelli@nvd.uscourts.gov.

  h. **CRIMINAL CASES: TRIAL BRIEFS.** The government counsel shall submit a copy of the government's trial brief (marked confidential) to Chambers by email to *Carrie_Lipparelli@nvd.uscourts.gov* for submission to the trial judge. The original of the Government's trial brief shall be filed in open Court and a copy served upon defense counsel on the date of trial prior to trial commencement. Defense counsel may file a trial brief. If defense counsel elects to file a trial brief,

the same shall be filed and served upon Government counsel prior to the defense commencing its side of the case.

      i. **CIVIL CASES: TRIAL BRIEFS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.** Counsel shall file a Trial Brief in all civil cases. Trial briefs shall be served on all parties. Additionally, in all civil cases to be tried before the Court sitting without a jury, the parties shall submit proposed Findings of Fact and Conclusions of Law to Chambers. The proposed Findings and Conclusions shall also be submitted to Chambers in WordPerfect or Word format by email to *Carrie_Lipparelli@nvd.uscourts.gov*. Proposed Findings and Conclusions may be marked confidential and are not required to be served upon opposing counsel.

9. **USE OF EVIDENCE DISPLAY EQUIPMENT.** Counsel wishing to utilize the court's evidence display equipment must contact the Courtroom Administrator, Lesa Ettinger during the week before trial for training or instruction and availability for use at trial.

10. **SANCTIONS.** As provided for under the Local Rules of Practice of this Court, the Court will consider the imposition of sanctions against any attorney or party appearing pro se who (1) fails to timely comply with the provisions of this Order including, but not limited to, the failure to appear for Calendar Call without having been excused by the Court or the clerk with the permission of the Court; or (2) fails to timely comply with any other order that schedules deadlines for trial preparation.

11. **TRIAL JUDGE.** Although the cases listed on the attached trial calendar are assigned to the undersigned, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

12. **CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE.** All parties in civil actions are reminded of their right, subject to the approval of the undersigned, to consent to trial before a United States Magistrate Judge pursuant to Title 28, United States Code, Section 636(c)(2). The right to proceed before a magistrate judge in a civil case includes those cases which will be tried before a jury as well as those cases to be tried before the Court sitting without a jury. Any appeal from a judgment resulting in a trial before a magistrate judge shall be taken directly to the United States Court of Appeals.

13. **CONTACT PERSON.** All questions and information regarding the trial calendar, exhibits, use of evidence display equipment are to be directed to Lesa Ettinger, Courtroom Administrator,

at (775) 686-5833.  All questions and information regarding the trial documents are to be directed to Carrie Lipparelli, Judicial Assistant (775) 686-5670.

14.	The date of the Clerk's file mark shall constitute the date of this Order.

IT IS SO ORDERED.

                              /S/                                                            .
                          ROBERT C. JONES
                          SENIOR UNITED STATES DISTRICT JUDGE