1  LUKE A. BUSBY, ESQ
   Nevada Bar No. 10319
2  LUKE ANDREW BUSBY, LTD.
   316 California Ave. 82
3  Reno, Nevada 89509
   775-453-0112
4  luke@lukeandrewbusbyltd.com
   *Attorney for the Plaintiff*

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8                                * * *

9  MICHAEL ERWINE,

10                Plaintiff,              Case No.: 3:18-cv-00461-RCJ WGC

11  vs.

12  CHURCHILL COUNTY, a political         **JOINT PROPOSED JURY**
    subdivision of the State of Nevada,   **INSTRUCTIONS**
13  CHURCHILL COUNTY SHERIFF
    BENJAMIN TROTTER, and DOES 1          **(WITH AUTHORITY)**
14  through 10 inclusive;

15                Defendants.
    _____/

16

17

18

19

20

21

22

23

24

25

26

27

28

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Jury Instruction No. ___                                      NCJI 1.4

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Jury Instruction No. ___                                    NCJI 1.6

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

Jury Instruction No. ____                                            NCJI 1.9

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Jury Instruction No. ____                                                              NCJI 1.10

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Jury Instruction No. ___                                                      NCJI 1.2

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)　the opportunity and ability of the witness to see or hear or know the things testified to;

(2)　the witness's memory;

(3)　the witness's manner while testifying;

(4)　the witness's interest in the outcome of the case, if any;

(5)　the witness's bias or prejudice, if any;

(6)　whether other evidence contradicted the witness's testimony;

(7)　the reasonableness of the witness's testimony in light of all the evidence; and

(8)　any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Jury Instruction No. ____                                                      NCJI 1.14

The parties have agreed to certain facts that will be read to you:

*1.     From December 9, 2015 until October 10, 2016, Plaintiff was employed as a Deputy Sheriff for the Churchill County Sheriff's Office.*

*2.     Churchill County employed Erwine in the capacity of Detention Deputy at the County Jail.*

*3.     On Sunday, October 9, 2016, Deputy Jolie Jabines knocked over a can containing tools and screws while removing inmate property from the booking cage.*

*4.     Erwine was provided with no written notice that he had been accused of misconduct before Erwine executed the Letter of Separation on October 10, 2016.*

*5.     A memorandum dated October 10, 2016, was placed in Erwine's personnel file.*

*6.     Statements from CCSO employees Thompson, Summers and Jabines were placed in Erwine's personnel file.*

*7.     Erwine was not afforded a hearing before Erwine executed the Letter of Separation on October 10, 2016.*

*8.     Sheriff Trotter authored the October 10, 2016 Memorandum;*

*9.     Sheriff Trotter placed the October 10, 2016 Memorandum into Erwine's personnel file.*

*10.     The October 10, 2016 Memorandum was not provided to Erwine before the Letter of Separation on October 10, 2016 was executed by Erwine.*

*11.     The October 10, 2016 Memorandum was never shown to Erwine such that he may have read and initialed the document before it was placed in his personnel file.*

*12.     The October 10, 2016 Memorandum contains no notation to the effect that the document was shown to Erwine and that Erwine refused to initial the document.*

*13.     The accuracy of the charges against Erwine in the October 10, 2016 Memorandum are contested.*

*14.     Sheriff Trotter was the head official with policy making authority over decisions of the Churchill County Sheriff's Office at all times relevant to this case.*

*15.     Michael Erwine was employed as a security officer for Allied Universal from April 25, 2017, to January 18, 2018.*

*16.     Michael Erwine was employed as a police officer with the Pyramid Lake Paiute Tribe from January 8, 2018, through April 4, 2018.*

*17.     Michael Erwine was employed as a security officer for Triumph Protection Group from June 28, 2018, through October 27, 2019.*

*18.     Michael Erwine commenced employment as a police officer for the Washoe Tribe of Nevada and California in November of 2019.*

*19.     Michael Erwine is currently employed as a police officer for the Washoe Tribe of Nevada and California.*

*20.     The Defendants never sent Erwine's personnel file to the Pyramid Lake Paiute Tribe.*

*21.     The Defendants never sent Erwine's personnel file to the Washoe Tribe of California and Nevada.*

[Additional stipulations reached at trial]

You must therefore treat these facts as having been proved.

Jury Instruction No. ___                                              NCJI 2.2

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Jury Instruction No. ____                                                    NCJI 2.4

1    Evidence was presented to you in the form of admissions to the truth of certain

2  facts.  These admissions were given in writing before the trial, in response to requests

3  that were submitted under established court procedures.  You must treat these facts

4  as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Jury Instruction No. ____                                                NCJI 2.12

1  You have heard testimony from [name] who [testified] [will testify] to opinions
2  and the reasons for his opinions. This opinion testimony is allowed, because of the
3  education or experience of this witness.

4  Such opinion testimony should be judged like any other testimony. You may
5  accept it or reject it and give it as much weight as you think it deserves, considering
6  the witness's education and experience, the reasons given for the opinion, and all the
7  other evidence in the case.

Jury Instruction No. ____                                            NCJI 2.13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Jury Instruction No. _____                                                     NCJI 9.1

In order to prevail on his § 1983 claim against the defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of state law; and

2.      the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Jury Instruction No. ____                                              NCJI 9.3

In order to prevail on his § 1983 claim against defendant Churchill County alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Sheriff Trotter acted under color of state law;

2.      the act of Sheriff Trotter deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3.      Sheriff Trotter had final policymaking authority from defendant Churchill County concerning these acts;

4.      when Sheriff Trotter engaged in these acts, he was acting as a final policymaker for defendant Churchill County; and

5.      the acts of Sheriff Trotter caused the deprivation of the plaintiff's rights; that is, Sheriff Trotter's acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Jury Instruction No. ____                                                    NCJI 9.6

A false statement is defamatory when it would tend to lower the subject in the estimation of the community, excite derogatory opinions about the subject, or hold the subject up to contempt.

Words or conduct, or the combination of words and conduct, must be reviewed in their entirety and in context to determine whether they are susceptible of a defamatory meaning.

Jury Instruction No. ____                                              NJI 14.18

In order to establish a claim for tortious constructive discharge, Erwine must prove each of the following elements:

1.      Erwine's resignation was induced by an action and conditions that violate public policy;

2.      A reasonable person in Erwine's position at the time of the resignation would have also resigned because of the aggravated and intolerable employment action and conditions;

3.      Churchill County and Sheriff Trotter had actual or constructive knowledge of the intolerable actions and conditions and their impact on Erwine; and

4.      The situation could have been remedied.

Jury Instruction No. ____                                                          NJI 16.5

In order to establish a claim of interference with prospective economic advantage, Mr. Erwine must prove the following elements by a preponderance of the evidence:

1.    A prospective contractual relationship between the plaintiff and a third party;

2.    The defendants knowledge of this prospective relationship;

3.    The intent to harm Erwine by preventing the relationship;

4.    The absence of privilege or justification by the defendant; and

5.    Actual harm to Erwine as a result of the defendant's conduct.

Jury Instruction No. ____                                           NJI 14.4

Interference with another's prospective contractual relationship is intentional if the defendant desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action.

Jury Instruction No. ____                                                    NJI 14.5

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Jury Instruction No. ____                                              NCJI 5.6

In determining the amount of losses, if any, suffered by the plaintiff as a proximate result of the defendant's tortious discharge of the plaintiff, you will take into consideration three factors. Those factors are:

a.      the nature;

b.      the extent; and

c.      the duration of the injuries or damages you believe, from the evidence, Erwine has sustained.

Jury Instruction No. ____                                                    NJI 16.7

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Jury Instruction No. ____                                                        NCJI 3.1

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.

If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.   Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Jury Instruction No. ____                                                        NCJI 3.2

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Jury Instruction No. ____                                                    NCJI 3.3

1    **DATED** this <u>Thursday, February 10, 2022:</u>

2

3                                                    By:<u>      /s/ Luke Busby, Esq.            </u>

4                                                         LUKE BUSBY, ESQ.
                                                          NEVADA STATE BAR NO. 10319
5                                                         316 CALIFORNIA AVE. #82
                                                          RENO, NV 89509
6                                                         775-453-0112

7                                                         LUKE@LUKEANDREWBUSBYLTD.COM

8                                                    By:<u>   /s/ Katherine Parks, Esq.        </u>

9                                                         KATHERINE F. PARKS, ESQ.
                                                          THORNDAL ARMSTRONG
10                                                        6590 S. MCCARRAN BLVD. SUITE B.
                                                          RENO, NV 89509
11                                                        ATTORNEY FOR THE DEFENDANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28