LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
LUKE ANDREW BUSBY, LTD.
316 California Ave. 82
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

MICHAEL ERWINE,

    Plaintiff,

vs.

CHURCHILL COUNTY, a political subdivision of the State of Nevada, CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER, and DOES 1 through 10 inclusive;

    Defendants.
_____/

Case No.: 3:18-cv-00461-RCJ WGC

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**(WITH AUTHORITY)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that the Defendants violated his liberty interest due process rights under the Nevada and US Constitutions, for tortious constructive discharge, defamation, defamation per se, and intentional interference with prospective employment. The plaintiff has the burden of proving these claims.

The defendant denies those claims. The defendant has the burden of proof on these counterclaims and/or affirmative defenses.

Jury Instruction No. ___                                                                                          NCJI 1.5

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Jury Instruction No. ___                                                                                          NCJI 1.8

Under the Fourteenth Amendment to the Constitution, a public employee has a right protected by the Due Process clause to engage in the common occupations of life. Plaintiff Erwine alleges that Benjamin Trotter and Churchill County deprived him of a liberty interest without due process in violation of the Fourteenth Amendment to the Constitution when Defendant Trotter made stigmatizing statements about Plaintiff Erwine in connection with firing him from Churchill County without notice, a hearing, and an opportunity to contest the charges.

In order to prove Churchill County and Defendant Trotter deprived Plaintiff Erwine of his Fourteenth Amendment right, Plaintiff Erwine must prove the following elements by a preponderance of the evidence:

1. Defendant Trotter terminated Plaintiff Erwine's employment;

2. Defendant Trotter published statements in connection with Plaintiff Erwine's termination that:

   a. Impaired Plaintiff Erwine's reputation for honesty or morality, or

   b. Effectively excluded, or caused a prolonged interruption of, Plaintiff Erwine's employment in the law enforcement field.

3. Plaintiff Erwine contests the accuracy of Defendant Trotter's statements; and

4. Defendant Trotter and Churchill County did not provide Plaintiff Erwine with an opportunity for a hearing to clear his name before publishing the statements.

In order to establish that the acts of Benjamin Trotter deprived Plaintiff Erwine of a liberty interest without due process, Plaintiff Erwine must prove by a preponderance of the evidence that defendant Trotter's statements were so closely related to Plaintiff Erwine's effective exclusion from his profession as to be the moving force that caused the ultimate injury.

If you find that Plaintiff Erwine has proven each of these elements by a preponderance of the evidence, you should enter a verdict for Plaintiff Erwine against both Defendants Trotter and Churchill County on this claim. If you find that Plaintiff

1  Erwine has not proven each of these elements by a preponderance of the evidence,
2  your verdict should be for the Defendants on this claim.

27  Jury Instruction No. ___

Source: *Board of Regents v. Roth*, 408 U.S. 564, 573, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972), *Cox v. Roskelley*, 359 F.3d 1105 (9th Cir. 2004), *Tibbetts v. Kulongoski*, 567 F.3d 529, 535-37 (9th Cir. 2009); *Blantz v. Cal. Dept. of Corr. and Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013); *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1988); *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 777 & n.5 (9th Cir. 1982); Ninth

Article 1 Section 8(5) of the Nevada Constitution provides that no person shall be deprived of life, liberty, or property without due process of law. Under the Nevada Constitution, a public employee has a liberty interest right protected by the Due Process clause to engage in the common occupations of life.

A violation of the Nevada Due Process Clause occurs when a state actor deprives a person of a right granted by the state without due process of law. In order to prove Churchill County and Defendant Trotter deprived Plaintiff Erwine of his due process rights under the Nevada Constitution, Plaintiff Erwine must prove:

1. Defendant Trotter terminated Plaintiff Erwine's employment;

2. Defendant Trotter published statements in connection with Plaintiff Erwine's termination that:

   a. Impaired Plaintiff Erwine's reputation for honesty or morality, or

   b. Effectively excluded, or caused a prolonged interruption of, Plaintiff Erwine's employment in the law enforcement field.

3. Plaintiff Erwine contests the accuracy of Defendant Trotter's statements; and

4. Defendant Trotter and Churchill County did not provide Plaintiff Erwine with an opportunity for a hearing to clear his name before publishing the statements.

If you find that Plaintiff Erwine has proven each of these elements by a preponderance of the evidence, you should enter a verdict for Plaintiff Erwine against both Defendants Trotter and Churchill County on this claim. If you find that Plaintiff Erwine has not proven each of these elements by a preponderance of the evidence, your verdict should be for the Defendants on this claim.

Jury Instruction No. ___

*Summers v. Warden of Nev. State Prison*, 84 Nev. 326, 329, 440 P.2d 388, 390 (1968). *McCracken v. Elko County Sch. Dist.*, 103 Nev. 655, 747 P.2d 1373 (1987). *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 133 Nev. Adv. Rep. 5, 388 P.3d 970, 971 (Nev. 2017).

Churchill County is a local government, and as such, can act only through its agents, officers, and employees. Churchill County is responsible for harm caused by the wrongful conduct of its agents, officers, and employees, if that conduct is within the scope of the agents', officers', or employees' actual or apparent authority or employment.

An agent has only that authority which has been given to him by the principal. A principal is not liable for those acts of its agents, officers, or employees as to third parties who know or who reasonably should know that the agent, officer, or employee is acting outside the scope of his authority.

The principal, however, is bound by those acts of the agent, which are within the actual or apparent scope of his authority, even if the agent, officer, or employee is acting for his own motives and without benefit to his principal.

Jury Instruction No. ___                                                                                          NJI 15.3

A communication is defamatory if it tends to harm the reputation of the plaintiff as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.  Words or conduct or the combination of words and conduct can communicate defamation.

Defamation occurs when:

1. Defendant made a false and defamatory statement concerning plaintiff;
2. An unprivileged publication of the statement was made to a third person;
3. Defendant was at least negligent in making the statement; and
4. Plaintiff sustained actual damages as a result of the statement.

Jury Instruction No. ___                                                                            NJI 6.10

Erwine seeks to recover damages based upon a claim of trade libel.

In order for you to find for plaintiff you must find that:

1. Sheriff Trotter and Churchill County published a statement about plaintiff's goods, services, business, or professional ability;

2. The statement was one that would tend to disparage the title or quality of plaintiff's goods, services, business, or professional ability;

3. The statement was false; and

4. Sheriff Trotter and Churchill County was at least negligent in making the statement.

If you find for plaintiff, and you find that defendant's statements injured plaintiff's business or profession, plaintiff is entitled to an award of presumed damages in an amount reasonably calculated to compensate him for injury to reputation, loss of business, shame, mortification, hurt feelings, and any consequential physical illness or pain. Damages are to be presumed because it is impossible to affix an exact monetary amount to these injuries.

Jury Instruction No. ___                                                                                   NJI 14.9

In order to establish a claim for tortious constructive discharge, Erwine must prove each of the following elements:

1. Erwine's resignation was induced by an action and conditions that violate public policy;

2. A reasonable person in Erwine's position at the time of the resignation would have also resigned because of the aggravated and intolerable employment action and conditions;

3. Churchill County and Sheriff Trotter had actual or constructive knowledge of the intolerable actions and conditions and their impact on Erwine; and

4. The situation could have been remedied.

Jury Instruction No. ___                                                                              NJI 16.5

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

*The reasonable value of the damage to the Plaintiff's reputation;*

*The reasonable value of wages and employment opportunities lost up to the present time;*

*The reasonable value of wages and employment opportunities that with reasonable probability will be lost in the future;*

*The emotional pain and suffering experienced;*

*It is for you to determine what damages, if any, have been proved.*

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Jury Instruction No. ___                                                                                         NCJI 5.1

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages that would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

Jury Instruction No. ___                                                                                          NCJI 5.4

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against Churchill County. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Jury Instruction No. ___                                                                                                           NCJI 5.5

In determining the amount of losses, if any, suffered by the plaintiff as a proximate result of the defendant's tortious discharge of the plaintiff, you will take into consideration three factors. Those factors are:

  a. the nature;

  b. the extent; and

  c. the duration of the injuries or damages you believe, from the evidence, Erwine has sustained.

Jury Instruction No. ___                                                                                         NJI 16.7

A verdict form has been prepared for you.  [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Jury Instruction No. ___                                                                                      NCJI 3.5

**DATED** this Thursday, February 10, 2022:

By: /s/ Luke Busby, Esq.
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE. #82
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing pleading by:

_____       personally delivering;

_____       delivery via Reno/Carson Messenger Service;

_____       sending via Federal Express (or other overnight delivery service);

_____       depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__X__       delivery via electronic means (fax, eflex, NEF, etc.) to:

Katherine F. Parks, Esq.
Thorndal Armstrong
6590 S. McCarran Blvd. Suite B.
Reno, NV 89509
Attorney for the Defendant

**DATED** this Thursday, February 10, 2022

By:\_\_\_/s/ Luke Busby, Esq. _____
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE #82
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
*ATTORNEY FOR PLAINTIFF*