1   Katherine F. Parks, Esq. - State Bar No. 6227
2   Thorndal Armstrong Delk Balkenbush & Eisinger
    6590 S. McCarran Blvd., Suite B
3   Reno, Nevada 89509
    (775) 786-2882
4   kfp@thorndal.com
5   Attorneys for Defendants
    CHURCHILL COUNTY AND
6   BENJAMIN TROTTER

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9
    MICHAEL ERWINE,                      CASE NO.  3:18-cv-00461-RCJ-CSD
10
                        Plaintiff,
11                                       **DEFENDANTS' SUPPLEMENTAL**
                                         **JURY INSTRUCTIONS**
12  vs.

13  CHURCHILL COUNTY, a political subdivision
14  of the State of Nevada; CHURCHILL COUNTY
    SHERIFF BENJAMIN TROTTER; and DOES 1
15  through 10 inclusive,

16                        Defendants.

17
18          COME NOW Defendants, CHURCHILL COUNTY and BENJAMIN TROTTER, by and

19  through their attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in

20  accordance with the Court's Amended Order Regarding Trial (Doc. No. 143), hereby submit

21  Defendants' supplemental jury instructions.

22
23
24
25
26
27
28

                                    - 1 -

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.  Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Jury Instruction No. _____                              Authorities:  NCJI 1.13

1   There are rules of evidence that control what can be received into evidence. When a

2   lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

3   that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the

4   objection, the question may be answered, or the exhibit received. If I sustain the objection, the

5   question cannot be answered, and the exhibit cannot be received. Whenever I sustain an

6   objection to a question, you must ignore the question and must not guess what the answer

7   might have been.  Sometimes I may order that evidence be stricken from the record and that

8   you disregard or ignore that evidence. That means when you are deciding the case, you must

9   not consider the stricken evidence for any purpose.

Jury Instruction No. _____

1    The Plaintiff seeks to establish liability against Ben Trotter for the alleged deprivation of

2  a liberty interest without adequate process under the Fourteenth Amendment of the United States

3  Constitution and Article 1, Section 8(5) of the Nevada Constitution. In order to establish this

4  claim, the plaintiff must prove the following elements by a preponderance of the evidence:

5
       1.      That the plaintiff was terminated from his employment in conjunction with a
6
   stigmatizing statement;
7
       2.      That the stigmatizing statement impaired the plaintiff's reputation for honesty or
8
9  morality; and,

10
       3.      That the stigmatizing statement was so severe as to have effectively excluded the
11
   plaintiff completely from his chosen profession.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Jury Instruction No. ____      Authorities: *Board of Regents v. Roth,* 408 U.S. 564, 573

28                               (1972); *Tippetts v. Kulongoski,* 567 F.3d 529, 535-36 (9th Cir.
                                 2009) and *Blantz v. California Dep't of Corr. & Rehab., Div. of*
                                 *Corr. Health Care Servs.,* 727 F.3d 917, 925 (9th Cir. 2013)

- 4 -

The Plaintiff seeks to establish liability against Ben Trotter for the alleged deprivation of a liberty interest without adequate process under the Fourteenth Amendment of the United States Constitution and Article 1, Section 8(5) of the Nevada Constitution. In order to establish this claim, the plaintiff must prove the following elements by a preponderance of the evidence:

1.     That the plaintiff was terminated from his employment in conjunction with a stigmatizing statement;

2.     That the stigmatizing statement impaired the plaintiff's reputation for honesty or morality; and,

3.     That the stigmatizing statement was so severe as to have effectively excluded the plaintiff completely from his chosen profession.

Jury Instruction No. ____

1   Stigmatizing statements that merely cause reduced economic returns and diminished

2   prestige, but not permanent exclusion from, or protracted interruption of, gainful employment

3   within the plaintiff's trade or profession do not constitute a deprivation of liberty.

28   Jury Instruction No. _____          Authorities: *Blantz v. California Dep't of Corr. & Rehab.,*
*Div. of Corr. Health Care Servs.,* 727 F.3d 917, 925 (9th
Cir. 2013)

1    Stigmatizing statements that merely cause reduced economic returns and diminished

2  prestige, but not permanent exclusion from, or protracted interruption of, gainful employment

3  within the plaintiff's trade or profession do not constitute a deprivation of liberty.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Jury Instruction No. _____

If you find that the Defendants made a stigmatizing statement about the plaintiff, the plaintiff must also prove the following elements by a preponderance of the evidence:

1. That the accuracy of the charge is contested;

2. That there is some public disclosure of the false, stigmatizing charge;

3. That the charge was made in connection with the plaintiff's termination from employment;

4. That the employer failed to allow the plaintiff an opportunity to refute the veracity of the charge; and,

5. That the plaintiff sustained damages as a result of the defendants' conduct.

Jury Instruction No. _____          Authorities: *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998).

If you find that the Defendants made a stigmatizing statement about the plaintiff, the plaintiff must also prove the following elements by a preponderance of the evidence:

    1.    That the accuracy of the charge is contested;

    2.    That there is some public disclosure of the false, stigmatizing charge;

    3.    That the charge was made in connection with the plaintiff's termination from employment;

    4.    That the employer failed to allow the plaintiff an opportunity to refute the veracity of the charge; and,

    5.    That the plaintiff sustained damages as a result of the defendants' conduct.

Jury Instruction No. _____

In order to establish a claim of defamation, the plaintiff must prove the following elements by a preponderance of the evidence:

1. That Ben Trotter made a false and defamatory statement of fact concerning the plaintiff;

2. An unprivileged publication of this statement was made to a third person;

3. That Ben Trotter made the statement with knowledge of its falsity or reckless disregard for its truth; and,

4. That the plaintiff sustained actual damages as a result of the statement.

Jury Instruction No. _____        Authorities: *Posadas v. City of Reno,* 109 Nev. 448, 453-454, 851 P.2d 438, 442-43 (1993) and NJI 6.10

1    In order to establish a claim of defamation, the plaintiff must prove the following

2  elements by a preponderance of the evidence:

3    1.    That Ben Trotter made a false and defamatory statement of fact concerning the

4  plaintiff;

5    2.    An unprivileged publication of this statement was made to a third person;

6

7    3.    That Ben Trotter made the statement with knowledge of its falsity or reckless

8  disregard for its truth; and,

9    4.    That the plaintiff sustained actual damages as a result of the statement.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Jury Instruction No. _____

1    A defamatory communication is made in reckless disregard of its falsity if the defendant

2  entertained serious doubts as to the truth of the communication or had a high degree of

3  awareness of the communication's probable falsity.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Jury Instruction No. _____              Authorities: *Posadas v. City of Reno,* 109 Nev. 448, 454,
                                           851 P.2d 438, 443 (1993)

1    A defamatory communication is made in reckless disregard of its falsity if the defendant

2   entertained serious doubts as to the truth of the communication or had a high degree of

3   awareness of the communication's probable falsity.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Jury Instruction No. _____

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

The reasonable value of the damage to the plaintiff's reputation.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Jury Instruction No. _____                    Authorities:  NCJI 5.1

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

The reasonable value of the damage to the plaintiff's reputation.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Jury Instruction No. _____

1       Verdict forms have been prepared for you.  After you have reached unanimous agreement

2   on a verdict, your foreperson should complete that verdict form which reflects your

3   deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Jury Instruction No. _____

Authorities:  NCJI 3.5 (modified to reflect plural verdict forms to be presented to jury).

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete that verdict form which reflects your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Jury Instruction No. _____

1    In a §1983 action, the plaintiff must demonstrate that the defendants' conduct was the

2    cause of the claimed injury.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Jury Instruction No. _____          Authorities:  *Harper v. City of Los Angeles*, 533
                                            F.3d 1010, 1026 (9th Cir. 2008); *see also,* comments
                                            to NCJI 9.2

1    In a §1983 action, the plaintiff must demonstrate that the defendants' conduct was the
2 cause of the claimed injury.

28 Jury Instruction No. _____

1

DATED this 10th day of February, 2022.

2

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

3

4

By: _____
    Katherine F. Parks, Esq.

5

State Bar No. 6227

6

6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509

7

(775) 786-2882
kfp@thorndal.com

8

Attorneys for Defendants
Churchill County and

9

Benjamin Trotter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANTS' SUPPLEMENTAL JURY INSTRUCTIONS** to be served on all parties to this action by:

_____   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the

      United States mail at Reno, Nevada.

__✓__   United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

_____   personal delivery

_____   facsimile (fax)

_____   Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Ave., #82**
**Reno, NV 89509**
*Attorney for Plaintiff*

DATED this _10_ day of February, 2022.

_____
An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER