# EXHIBIT 2

EXHIBIT 2

# RENO CITY ATTORNEY'S OFFICE

## KARL S. HALL
### City Attorney

**ROBERT F. BONY**
Deputy City Attorney

E-Mail:bonyr@reno.gov



**JONATHAN D. SHIPMAN**
Assistant City Attorney



February 13, 2019

Jason D. Guinnasso, Esq.
Hutchinson & Steffen
500 Damonte Ranch Parkway, Suite 980
Reno, Nevada 89521

**Re: Your subpoena duces tecum received by Reno Police Department in Erwine v. Churchill County; Case No. 3:18-cv-00461-RCJ-WGC**

Dear Mr. Guinnasso,

Please allow this letter to serve as my introduction and to advise you that I am a Deputy City Attorney who works as one of the legal advisors to the Reno Police Department (RPD). In that capacity, I was asked to respond to the above subpoena duces tecum. RPD staff has reviewed your subpoena and has advised that it has no responsive records.

Sincerely,

ROBERT F. BONY,
Deputy City Attorney

RFB/cf

 

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| Michael Erwine, an individual | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-00461-RCJ-WGC |
| Churchill County, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Reno Police Department located at
455 E. 2nd Street, Reno, Nevada 89502

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The complete employment history file of Michael Erwine as it was provided to your office by the Churchill County Sheriff's Office. This includes any and all information and documentation regarding preemployment background investigations, employment information and any information regarding reprimands.

| Place: Hutchison & Steffen | Date and Time: |
|---|---|
| 500 Damonte Rancy Parkway, Suite 980 Reno, Nevada 89521 | 03/07/2019 1:30 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/06/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Erwine
_____, who issues or requests this subpoena, are:

Jason Guinasso (NSB# 8478), 500 Damonte Ranch Parkway, Ste. 980, Reno NV 89521; Tel: 775.853.8746

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# UNITED STATES DISTRICT COURT

MICHAEL ERWINE, an individual,
    Plaintiff(s),

VS.

CHURCHILL COUNTY, a political subdivision of the State of Nevada; ET AL,
    Defendant(s),

CASE NO:   Case No. 3:18-cv-00461-RCJ-WGC

## DECLARATION OF SERVICE

STATE OF NEVADA
COUNTY OF WASHOE    ss

DENNIS MALLORY, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the LETTER; SUBPOENA DUCES TECUM; On 2/6/2019 and served the same on 2/6/2019 at 3:42 PM by delivery and leaving a copy with:

By then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Christina Gonzalez whose title is Administrative Assistant.

Served on behalf of RENO POLICE DEPARTMENT

Service Address: 455 E 2nd St , Reno, NV 89502-1020

A description of Christina Gonzalez is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Latino | Black | 31-35 | 5'1 - 5'6 | 121-140 Lbs |

Server Report: Served

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.
Executed on: 2/7/2019
by DENNIS MALLORY
Registration: R-070227

No notary is required per NRS 53.045



X_____
DENNIS MALLORY
Registration: R-070227
Reno Carson Messenger Service, Inc #322
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com



Order#: R62125 NVPRF411

Case 3:18-cv-00461-RCJ-CSD   Document 171-2   Filed 02/24/22   Page 5 of 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).