# Exhibit 4

Exhibit 4

```
1  Katherine F. Parks, Esq. - State Bar No. 6227
   Thorndal Armstrong Delk Balkenbush & Eisinger
2  6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   (775) 786-2882
4  kfp@thorndal.com
   Attorneys for Defendants
5  CHURCHILL COUNTY AND BENJAMIN TROTTER
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| MICHAEL ERWINE, an individual, | CASE NO. 3:18-cv-00461-RCJ-WGC |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT CHURCHILL COUNTY'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** |
| CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; and DOES 1 through 10 inclusive, | |
| Defendant. | |

COMES NOW Defendant, CHURCHILL COUNTY, by and through its attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in accordance with NRCP 36, hereby answers Plaintiff's First Set of Request for Admissions, as follows:

## PRELIMINARY STATEMENT

Defendant has not completed its discovery and investigation of the facts and circumstances involved in this case, and therefore, these answers may be incomplete. These answers are given without prejudice to produce and introduce at trial evidence of any subsequently discovered facts, information or circumstance. These answers may be supplemented, changed, modified or amended in light of subsequently discovered facts and information. Defendant reserves the right to continue its discovery and investigation in this matter for additional facts, data, information and witnesses to support its claims and defenses.

- 1 -

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Erwine was provided with no written notice that he had been accused of misconduct before Erwine executed the Letter of Separation (ERW0053) on October 10, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Erwine was not afforded a hearing before Erwine executed the Letter of Separation (ERW0053) on October 10, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Erwine was told by Sheriff Trotter that he would be fired if he did not execute the Letter of Separation (ERW0053) on October 10, 2106.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Defendant objects to Request for Admission No. 3 on the grounds that it is vague and ambiguous. Notwithstanding said objections, Defendant responds as follows: Churchill County admits that Plaintiff was given the choice of resignation versus termination.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Sheriff Trotter authored the Memorandum disclosed in ERW0053-55.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Sheriff Trotter placed the Memorandum disclosed in ERW0053-55 into Erwine's personnel file.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Memorandum disclosed in ERW0053-55 was not provided to Erwine before the Letter of Separation on October 10, 2016 was executed by Erwine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Memorandum disclosed in ERW0053-55 contains unfavorable statements

about Erwine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:** Defendant objects to Request for Admission No. 7 on the grounds that it is argumentative, vague and ambiguous, including, but not limited to, use of the term "unfavorable." The statements contained in the Memorandum were factual statements based upon the information in the possession of Ben Trotter at the time the document was authored.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Memorandum disclosed in ERW0053-55 was never show to Erwine such that he may have read and initialed the document before it was placed in his personnel file.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:** Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Memorandum disclosed in ERW0053-55 contains no notation to the effect that the document was shown to Erwine and that Erwine refused to initial the document.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:** Admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Erwine was entitled to review any administrative or investigative file maintained by Churchill County regarding an investigation into Erwine's conduct, including any recordings, notes, transcripts of interviews, and documents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:** Defendant objects to Request for Admission 10 on the grounds that it is overbroad and calls for a legal conclusion, not facts, which are not required to be admitted or denied by Defendant. More specifically, Request for Admission No. 10 seeks to require the Defendant to admit or deny the existence of a legal duty of care on the part of the Defendant. Requests for admissions cannot be used to compel an admission of a pure conclusion of law and the issue of whether a legal duty exists in favor of the Plaintiff under Chapter 289 of the Nevada Revised Statutes or otherwise is an improper subject of a request for admission made pursuant to FRCP 36. *See, Machinery Solutions, Inc. v. Doosan Infracore American Corp.*, 323 F.R.D. 522 (D. S.C. 2018); *see also, Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050 (S.D. Cal. 1999); *Disability Rights Council v. Wash. Metro. Area,* 234 F.R.D. 1 (Dist. D.C. 2006), and *Smith v. Emery,* 109 Nev. 737, 656 P.2d 1386 (Nev. 1993).

Notwithstanding said objections, Defendant admits that Erwine had a right to inspect his personnel file and/or records.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Erwine was entitled to 48 hours written notice before any interrogation or hearing was held relating to an investigation into any alleged misconduct by Erwine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:** Defendant objects to Request for Admission 11 on the grounds that it is overbroad and calls for a legal conclusion, not facts, which are not required to be admitted or denied by Defendant. More specifically, Request for Admission No. 11 seeks to require the Defendant to admit or deny the existence of a legal duty of care on the part of the Defendant. Requests for admissions cannot be used to compel an admission of a pure conclusion of law and the issue of whether a legal duty exists in favor of the Plaintiff under Chapter 289 of the Nevada Revised Statutes or otherwise is an improper subject of a request for admission made pursuant to FRCP 36. *See, Machinery Solutions, Inc. v. Doosan Infracore American Corp.*, 323 F.R.D. 522 (D. S.C. 2018); *see also, Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050 (S.D. Cal. 1999); *Disability Rights Council v. Wash. Metro. Area,* 234 F.R.D. 1 (Dist. D.C. 2006) and *Smith v. Emery,* 109 Nev. 737, 656 P.2d 1386 (Nev. 1993). Notwithstanding said objections, Defendant denies Request for Admission No. 11.

**REQUEST FOR ADMISSION NO. 12:** Admit that Erwine was not provided with 48 hours written notice before the October 10, 2016 meeting between Erwine and Sheriff Trotter was held.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:** Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Churchill County Sheriff's Office received an inquiry from the Washoe County Sheriff's Office dated December 6, 2016 requesting information regarding Erwine's employment with the Churchill County Sheriff's Office. See ERW0064-ERW0065.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:** Deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that in response to the inquiry from the Washoe County Sheriff's Office requesting information regarding Erwine's employment with the Churchill County Sheriff's Office in ERW0064-ERW0065, Churchill County sent the Washoe County Sheriff's Office a

1 copy of Erwine's personnel file. See WC 0001-0130 and ERWINE 688-689.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 14**: Admit.

3 **REQUEST FOR ADMISSION NO. 15**:

Admit that in response to the inquiry from the Washoe County Sheriff's Office requesting information regarding Erwine's employment with the Churchill County Sheriff's Office in ERW0064-ERW0065, Churchill County sent the Washoe County Sheriff's Office a copy of the October 10, 2016 Memorandum disclosed in ERW0053-55. See ERWINE 688-689.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**: Admit.

**REQUEST FOR ADMISSION NO. 16**:

Admit that the recording disclosed in Plaintiff's FRCP 26 Third Supplemental Disclosures contains an audio recording of Churchill County Sheriff's Office employee Sergeant Summers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**: Defendant is without sufficient knowledge or information by which to admit or deny Request for Admission No. 16 and, on such basis, deny said request. The employee referenced in Request for Admission No. 16 is no longer employed by Churchill County.

**REQUEST FOR ADMISSION NO. 17**:

Admit that at the time Erwine was hired by the Churchill County Sheriff's Office and during his employment Erwine was certified as a peace officer by the Peace Officers' Standards and Training Commission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**: Admit.

DATED this 25th day of November, 2020.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: _____
Katherine F. Parks, Esq.
State Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Churchill County and Benjamin Trotter

- 5 -

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANT CHURCHILL COUNTY'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** to be served on all parties to this action by:

__✓__ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

____ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

____ personal delivery

____ facsimile (fax)

____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

> Luke Busby, Esq.
> 316 California Ave., #82
> Reno, NV 89509
> *Attorney for Plaintiff*

DATED this 25 day of November, 2020.

*Sam Barka*

An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

- 6 -